**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Peter Blasi Jr., on behalf of himself and all others similarly situated, 5573 Equinox Dr. New Albany, Ohio 43054-7623 | : : : : : | Case No.: |
| Jordan Brodsky, on behalf of himself and all others similarly situated, 4551 Dover Commons Ct. New Albany, Ohio 43054-9058 | : : : : | District Judge: Magistrate Judge: |
| Michael J. Cassone, on behalf of himself and all others similarly situated, 936 Northwest Blvd Grandview Heights, Ohio 43212-3845 | : : : : : | **CLASS ACTION COMPLAINT AND REQUEST FOR DECLARATORY AND AND INJUNCTIVE RELIEF** **Jury Demand Endorsed Herein** |
| Plaintiffs, | : : | |
| v. | : | |
| United Debt Services, LLC c/o Statutory Agent, Corrine Maples 2611 Internet Blvd, Suite 201 Frisco, Texas 75034 | : : : | |
| New Wave Lending Corp. 1236 Weathervane Lane, Suite 202 Akron, Ohio 44313 | : : | |
| Benjamin Rodriguez 4047 Riveredge Road Cleveland, Ohio 44111-5629 | : : : | |
| MTC Texas Corp. dba Masada Group 134 Old Ridgefield Road Wilton, CT 06897-3048 | : : : | |
| Defendants. | : | |

## INTRODUCTION AND NATURE OF ACTION

1. The Fair Credit Reporting Act ("FCRA") is a federal consumer protection law that regulates access to, and use of, credit reports. Plaintiffs allege in this Complaint, among other allegations, that Defendants uniformly violate the FCRA by illegally accessing and misusing credit reports to market debt relief services to thousands of financially distressed Ohioans.

2. In particular, Defendants are credit reporting agencies and marketing/lead generators who buy, sell, and use prescreened consumer lists for marketing debt relief services.  Those lists include private financial information such as FICO scores, debt load, and credit utilization rates, along with Ohio consumer names, addresses, and partial social security numbers.  Under the FCRA, such lists constitute consumer reports that may only be accessed and used for a permissible purpose.  15 U.S.C. §1681b(f); *see Trans Union v. FTC*, 245 F.3d 809 (U.S. App. D.C. 2001).

3. As further described in this Complaint, Defendant MTC Texas Corp., dba Masada ("Massada") obtains the prescreened lists from credit reporting agencies for the improper purpose of marketing debt relief services to Ohio consumers.  Masada then resells those lists to Defendant New Wave Lending Corp. ("New Wave") without first performing the required due diligence under the FCRA. New Wave, in turn, resells the lists to United Debt Services, LLC ("United Debt Services"), also in violation of the FCRA. Defendant United Debt Services then misuses the lists to send direct mail solicitation to Ohio consumers in financial distress, which also violates the FCRA.

4.     Upon information and belief, all Defendants have engaged in this misconduct as part of a longstanding pattern and uniform practice of violating the FCRA. The named representatives, on behalf of themselves and thousands of similarly situated Ohio consumers, bring this class action under the FCRA to stop Defendants from illegally accessing and misusing their private financial information, among other relief sought by the class.

## JURISDICTION, VENUE AND PARTIES

5.     This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3), and (c)(4), as well as S.D. Ohio Civ. R. 23.1-3, seeking monetary, declaratory, and injunctive relief both individually and for the putative class.

6.     This Court has jurisdiction over the parties and the subject matter of this action.

7.     Plaintiff Peter Blasi is an individual consumer and domiciliary of New Albany, County of Franklin, State of Ohio, residing at 5573 Equinox Drive.

8.     Plaintiff Jordan Brodsky is an individual consumer and domiciliary of New Albany, County of Franklin, State of Ohio, residing at 4551 Dover Commons Court.

9.     Michael Cassone is an individual consumer and domiciliary of Grandview Heights, County of Franklin, and State of Ohio residing at 936 Northwest Boulevard.

10.    Defendant United Debt Services, LLC ("United Debt Services") is a Texas company that does business in Ohio by, among other acts, marketing debt settlement services to Ohio consumers through direct mail solicitation. United Debt Services operates from an address at 2611 Internet Boulevard, Suite 201, in the City of Frisco, in the State of Texas, with its principal place of business in Frisco, Texas.

11.     Defendant New Wave Lending Corp. ("New Wave") is an Ohio company that, at one time, acted as a mortgage broker.  Upon information and belief, New Wave had its mortgage broker license revoked before and/or during the conduct alleged in this Complaint.

12.     Upon information and belief, New Wave is no longer incorporated, but, at one time, was incorporated in the State of Ohio.

13.     New Wave's principal place of business was 1236 Weathervane Lane, Suite 202 and 204, Akron, Ohio 44313.

14.     Benjamin Vincent Rodriguez is the owner of New Wave and, at all times relevant, Rodriguez directed and/or participated in the acts and practices of New Wave, including the acts and practices set forth in this Complaint. All references and allegations in this Complaint concerning New Wave include and incorporate Defendant Vincent Rodriguez unless otherwise specifically noted herein.

15.     At all times relevant, New Wave obtained prescreened lists from credit reporting agencies to market to the named Plaintiffs and the class.

16.     Defendant MTC Texas Corporation, dba Masada Group, Masada Group Technologies Corporation and/or Masada Group Technology ("Masada"), is a company that obtains data from credit reporting agencies and resells such data to companies for marketing purposes. Masada's principal place of business is 134 Old Ridgefield Road, Wilton, Connecticut 06897.

17.     At all times relevant, unless otherwise indicated, "Defendant" or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns,

4

principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this Complaint.

18. At all times relevant, all named individual Defendants directed the operations of their respective businesses and are liable for the misconduct of said businesses, as alleged herein.

19. This Court has venue to hear this case pursuant to 28 U.S.C. §1391, in that some of the transactions complained of, and out of which this action arose, occurred in Franklin County, Ohio, where all of the Plaintiffs reside.

20. Defendants regularly engage in business in, and direct business at, Ohio, and have otherwise availed themselves of the Ohio marketplace, and secured the benefits of that marketplace. Their conduct includes, among other things, holding themselves out as debt settlement and credit repair companies providing services to Ohio residents, directing business solicitations into the State of Ohio at indebted Ohio residents, seeking participation in Defendants' debt settlement and credit repair programs, contracting in Ohio with Ohio consumers for various services, including debt settlement and credit repair, offering to perform and/or performing activities for Ohio residents including debt settlement and credit repair functions, and/or contracting for legal services or performing legal services for Ohio consumers.

21. As such, Defendants are subject to this Court's personal jurisdiction.

## STATEMENT OF FACTS

22. Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

23. Defendants obtain and/or use consumer credit reports in the normal course of their respective businesses.

24. Defendants obtain and/or use consumer credit reports for marketing and/or soliciting debt relief services.

25. Upon information and belief, Defendant New Wave, in particular, obtains and uses prescreened lists ("lists") of consumers, including Plaintiffs and the class, to mail marketing and/or solicitation materials to them as potential clients.

26. Upon information and belief, Defendant New Wave obtains the lists from Defendant Masada by representing that New Wave will use the lists to provide firm offers of credit to Ohio consumers.

27. Upon information and belief, Defendants Masada and New Wave obtain from the lists information on Plaintiffs' and the class' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, among other information.

28. Upon information and belief, Defendants Masada and New Wave obtain the lists from a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

29. Furthermore, Defendants Masada and/or New Wave request that the credit reporting agency(ies) compile the lists for marketing purposes.

30. Masada then resells the lists to New Wave who resells them to Defendant United Debt Services.

31. United Debt Services uses the lists to promote and operate a business of soliciting Ohio clients for its debt relief services.

32. The lists are "consumer reports" as defined in section 603(d) of the FCRA, 15 U.S.C. § 1681a(d). That section defines a "consumer report" as:

> Any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collect in whole or in part for the purpose of serving as a faction in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604.

33. Information in the lists, such as the amount of unsecured debt a consumer might have, bears on, among other things, a consumer's credit worthiness and credit standing and is used or expected to be used as a factor in determining a consumer's eligibility for credit.

34. Section 604(f) of the FCRA, 15 U.S.C. § 1681b(f), prohibits persons from using or obtaining consumer reports in the absence of a "permissible purpose."

35. Section 607(e) of the FCRA, 15 U.S.C. § 1681e(e), requires persons who procure consumer reports for resale to establish and comply with reasonable procedures designed to ensure that the consumer reports are only resold for a permissible purpose.

36. The only permissible purpose for using a prescreened list, such as those at issue in this case, is to make a "firm offer of credit or insurance." A "firm offer" is one that will be honored (subject to certain exceptions) if the consumer continues to meet the pre-selected criteria used to select them for the offer.

37. Obtaining or using a consumer report for marketing is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

38. Defendants' direct mail solicitations in this case, including Exhibit A attached hereto, are not "firm offers."

39. Defendants' use of prescreened lists to send solicitations to Plaintiffs and the class is not a permissible purpose under the FCRA.

40. Defendants knew a portion of the data requested and/or used from the lists would pertain to residents of the State of Ohio.

41. Defendants, as part of a uniform marketing scheme, sent Plaintiffs the mailed solicitation attached as Exhibit A and incorporated herein, which states, "[r]evolving consumer debt and credit card payments make you a candidate for this debt relief program."

42. As set forth above, Plaintiffs and the class are "consumers" as defined by FCRA, 15 U.S.C. § 1681a(c).

43. Defendants, acting in concert, in an agency relationship, and/or individually directing the actions of their business entities, sent and/or delivered thousands of mailers to Plaintiffs and the class in the same or substantially similar form as Exhibit A.

44. Defendants did not make reasonable efforts to verify the consumer reports would only be used in connection with permissible purposes under the FCRA.  Defendants did not require that each person to whom the consumer report would be resold: (1) identify each end-user, (2) certify each purpose for which the consumer reports would be used, or (3) certify that the consumer reports would be used for no other purpose.

45. Defendants did not otherwise make reasonable efforts to verify the identifications and certifications required by the FCRA.

## CLASS ALLEGATIONS

46. Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

47. Plaintiffs bring this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> **Ohio citizens on the prescreened marketing lists Defendants accessed and/or used since 2009 to market debt relief services.**

48. The Plaintiffs are members of this class. Specifically excluded from the class are the following: (1) Defendants and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

49. The members of the class are so numerous that joinder is impracticable. Based upon information and belief, and the allegations above about Defendants' substantial direct marketing campaigns, thousands of Ohioans have been victims of Defendants' scheme.

50. Common questions of law and fact predominate over any questions solely affecting individual class members. Among such common questions of law and fact are the following:

> A. Whether Defendant United Debt Services has systematically engaged in the long-term illegal practice of accessing and/or misusing consumer credit reports for an impermissible marketing purpose.
>
> B. Whether Defendant New Wave knowingly and/or negligently accessed the

   class members' consumer credit reports for improper purposes.

  C. Whether Defendant New Wave knowingly and/or negligently resold the class members' consumer credit reports to Defendant United Debt Services or an agent thereof.

  D. Whether Defendant Masada knowingly and/or negligently accessed the class members' consumer credit report for an improper purpose.

  E. Whether Defendant Masada knowingly and/or negligently resold the class members' consumer credit report.

  F. Whether Defendants United Debt Services, New Wave and/or Massada systematically and uniformly, in concert or separately, violate the FCRA by accessing and/or misusing prescreened lists to market their debt relief services to Ohioans.

51. Plaintiffs' individual claims are typical of their respective class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought. The class claims are identical.

52. Plaintiffs will fairly and adequately protect the interests of the class members. Plaintiffs have no interest antagonistic to those of other class members, and Plaintiffs have retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation.

53. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

  A. Given the small size of individual class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating

10

those claims (the cost of filing individual suit would likely exceed $100), few, if any, class members could afford to, or would seek, legal redress individually for the wrongs Defendants have committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such individual actions in Ohio are pending as of the date of filing this complaint.

B. When the liability of Defendants has been adjudicated, claims of all class members can be administered efficiently and/or determined by the Court.

C. The class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum.

D. Without this class action, the class members will continue to suffer harm, and Defendants' unlawful conduct will be unaccounted for while they continue to reap benefits of their unlawful activity.

54. No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by Defendants can be readily identified through business records, including the very lists at issue.

55. The respective class seeks preliminary and permanent injunctive relief on behalf of the entire class, on grounds generally applicable to the entire class, to enjoin and prevent Defendants from continuing to illegally access and use consumer credit reports of

Ohio residents. Plaintiffs also seek preliminary and permanent injunctive and equitable relief on behalf of the entire class, on grounds generally applicable to the entire class, requiring Defendants to disgorge unjustly retained fees.

56. The prosecution of separate actions by or against individual members of the class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the class, which could establish incompatible standards of conduct for the party opposing the class; and/or (ii) adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

A. Notice can be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

B. The maintenance of the sub-classes may be appropriate under Fed. R. Civ. P. 23(C)(4).

## COUNT ONE
## Violation of the Fair Credit Reporting Act
## Willful Noncompliance, 15 U.S.C. § 1681n

56. Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

57. All Defendants willfully obtained and used Plaintiffs' and the class' consumer reports without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681n.

12

*Blasi et al. v. United Debt Services, LLC, et al.*
Complaint

## COUNT TWO
## Violation of the Fair Credit Reporting Act
## Negligent Noncompliance, 15 U.S.C. § 1681n

58.     Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

59.     All Defendants negligently obtained and used Plaintiffs' and the class' consumer reports without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

## COUNT THREE
## Violations of Section 607(e)(1) of the FCRA

60.     Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

61.     Section 607(e)(1) of the FCRA, 15 U.S.C. § 1681e(e)(1), requires persons who procure consumer reports for purposes of reselling the reports to identify the end-user of the report.

62.     As described herein, Defendants Masada and/or New Wave failed to disclose to the consumer reporting agency that furnished the consumer reports the identities of the end-users of the consumer reports.

63.     By and through the acts and practices described above, and with respect to Plaintiffs and the class, Defendants have violated section 607(e)(1) of the FCRA, 15 U.S.C. § 1681e(e)(1).

## COUNT FOUR
## Violations of Section 607(e)(2) of the FCRA

64.     Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

13

*Blasi et al. v. United Debt Services, LLC, et al.*
Complaint

65. Section 607(e)(2), 15 U.S.C. § 1681e(e)(2), requires a person who procures consumer reports for purposes of reselling the reports establish and comply with reasonable procedures designed to ensure that the consumer reports are resold by the person only for a permissible purpose.

66. As described herein, Defendants Masada and/or New Wave failed to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 604 of the FCRA.

67. By and through the acts and practices described herein, Defendants Masada and New Wave have violated section 607(e)(2) of the FCRA, 15 U.S.C. § 1681e(e)(2).

68. All Defendants are engaged in a pattern and practice of violating the FCRA through the systematic use of illegally obtained consumer credit reports.

69. As a result of the above averments, Defendants are each liable to the Plaintiffs and the class for the FCRA's statutory damages, punitive damages, and attorney's fees and costs, of which the exact amount will be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the class respectfully request that this Court:

    a. ISSUE a declaratory judgment that Defendants engage in acts and practices in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.;

    b. ISSUE a permanent injunction enjoining Defendants from further accessing and/or misusing credit information in violation of the FCRA;

    c. GRANT statutory damages as provided by the FCRA;

    e. AWARD costs and reasonable attorney's fees pursuant to the FCRA;

14

*Blasi et al. v. United Debt Services, LLC, et al.*
Complaint

  f. For such other and further relief as the Court may deem just and proper.

**SIGNATURE BLOCK ON FOLLOWING PAGE**

Respectfully submitted,

**Luftman, Heck & Associates, LLP**

/s/ Jeremiah E. Heck
Jeremiah E. Heck (0076742)
580 East Rich Street
Columbus, Ohio 43215
Phone: (614) 224-1500
Fax: (614) 224-2894
jheck@lawLH.com
Attorney for Plaintiffs

**The Law Office of Brian M. Garvine, LLC**

/s/ Brian M. Garvine per email consent
Brian M. Garvine (0068422)
5 East Long Street
Suite 1100
Columbus, OH 43215
Phone (614) 223-0290
Fax (614) 221-3201
brian@garvinelaw.com
Attorney for Plaintiffs

**Kitrick, Lewis, & Harris, Co. LPA**

/s/ Mark D. Lewis
Mark D. Lewis (0063700)
445 Hutchinson Avenue, Ste 100
Community Corporate Center
Columbus, OH 43235-8630
Phone: (614) 224-7711
Fax: (614) 225-8985
mlewis@klhlaw.com
Attorney for Plaintiffs

**Robert J. Wagoner, Co., L.L.C.**

s / Robert J. Wagoner
Robert J. Wagoner (0068991)
Of Counsel to Kitrick, Lewis & Harris Co., L.P.A.
445 Hutchinson Avenue, Suite 100
Columbus, Ohio 43235
Phone (614) 796-4110

16

*Blasi et al. v. United Debt Services, LLC, et al.*
Complaint

        Fax (614) 796-4111
        Bob@wagonerlawoffice.com
        Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

        /s/ Jeremiah E. Heck
        Jeremiah E. Heck (0076742)