UNITED STATES SOUTHERN DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Peter Blasi Jr., Jordan Brodsky, and Michael, J. Cassone, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO: 2:14-CV-00083 |
| vs. | ) ) | JUDGE SMITH |
| United Debt Services, LLC, New Wave Lending Corp., Benjamin Rodriguez, and MTC Texas Corp. dba Masada Group, | ) ) ) ) | MAGISTRATE JUDGE KEMP |
| Defendants. | ) ) | |

## DEFENDANT'S, UNITED DEBT SERVICES, LLC, MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT [D.E. 1] AND SUPPORTING MEMORANDUM OF LAW

Defendant, United Debt Services, LLC ("United Debt"), through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of the United States District Court for the Southern District of Ohio, files this Motion to Dismiss Plaintiffs' Class Action Complaint [D.E. 1]. The grounds for this Motion are set forth more fully in the attached Memorandum of Law.

Respectfully Submitted,

/s/ Ashley L. Oliker
Ashley L. Oliker (0085628)
Frost Brown Todd LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215-3484
Telephone: (614) 559-7227
Facsimile: (614) 464-1737
Email: aoliker@fbtlaw.com
*Trial Attorney for Defendant United Debt Services, LLC*

17443788:2

Beth-Ann E. Krimsky
Fla. Bar No. 968412
beth-ann.krimsky@gmlaw.com
*Pro Hac Vice request pending*
Lawren A. Zann
Fla. Bar No. 42997
lawren.zann@gmlaw.com
*Pro Hav Vice request pending*
GREENSPOON MARDER, P.A.
100 W. Cypress Creek Rd, Suite 700
Trade Center South
Fort Lauderdale, FL 33309
Tel: (954) 527-2427
Fax: (954) 333-4077
*Attorneys for Defendant United Debt Services, LLC*

## MEMORANDUM OF LAW

### I. INTRODUCTION AND BACKGROUND

On or about January 23, 2014, Plaintiffs Peter Blasi Jr., purportedly on behalf of himself and all others similarly situated, Jordan Brodsky, purportedly on behalf of himself and all others similarly situated, and Michael J. Cassone, purportedly on behalf of himself and all others similarly situated (collectively, "Plaintiffs") commenced the instant action against several Defendants, including United Debt, alleging purported violations of 15 U.S.C. §1681, *et. seq.* (the "Fair Credit Reporting Act"). The gravamen of Plaintiffs' Complaint seems to allege that Defendants New Wave Lending Corporation, its principal Benjamin Rodriguez, and MTC Texas Corp. dba Masada Group purportedly obtained Plaintiffs' consumer reports[1], which were then purportedly resold to United Debt in an unsubstantiated, Plaintiff-described "longstanding pattern and uniform practice of violating the [Fair Credit Reporting Act]" for the purported purpose of "direct mail solicitation to Ohio consumers in financial distress." *See* ¶¶3 and 4 of the Complaint [D.E. 1]. Interestingly, nowhere within the Complaint are the contents of the purported "direct mail solicitation" provided nor is United Debt alleged to have sent the purported "direct mail solicitation" to any Plaintiff in the action.

Plaintiffs' Complaint seeks to certify a class and consists of four (4) purported claims for alleged violations of 15 U.S.C. §§ 1681b, 1681n, 1681o, 1681e(e)(1), and 1681e(e)(2). However, Plaintiffs' Complaint fails to set forth facts that would support any viable claim for relief against United Debt, impermissibly "lumps" all Defendants together in a "shotgun pleading," and fails to set forth sufficient facts that support the maintenance of this matter as a class action. Accordingly, the Complaint should be dismissed in its entirety.

---

[1] "The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part the purpose of servicing as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; and (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. §1681a(d)(1).

## II. LAW AND ANALYSIS

### A. Standard of Review

To adequately plead a claim for relief, Federal Rule of Civil Procedure Rule 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Court must accept all well-pleaded factual allegations in the complaint as true, the Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)(*quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). In assessing a motion to dismiss, the Court determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009); *see also Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 403 (6th Cir. 2012). Indeed, such factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Trans Rail America, Inc. v. Hubbard Tp.*, 478 Fed. Appx. 986, 988 (6th Cir. 2012); *Hensley Mfg. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009). Plaintiffs bear the burden to articulate enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570; *Iqbal* 556 U.S. at 678; *Trans Rail America, Inc.*, 478 Fed. Appx. At 988. While Rule 8 does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitations of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

Indeed, *Iqbal* suggests that the courts adopt a two-pronged approach to apply these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Iqbal*, 556 U.S. at 678-9. Here, much of the Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by the Court, and the remaining allegations do not plausibly give rise to an entitlement to relief.

4

### B. Plaintiffs Present the Court an Improper Shotgun Pleading that Impermissibly Lumps the Defendants Together in Each Count

A shotgun pleading is one that incorporates every antecedent allegation by reference into each subsequent claim for relief. *See Cobb v. Regions Bank*, 2010 WL 2010780, at *2 (W.D. Tenn. 2010) (*citing Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)); *see also Krusinski v. U.S. Dept of Agriculture*, 1993 WL 346858, at *5 (6th Cir. 1993)(a shotgun pleading is one that throws everything against the wall and hopes something sticks). Indeed, the courts within the U.S. Court of Appeals for the Sixth Circuit have repeatedly recognized the impropriety of shotgun pleadings, which resulted in orders to Plaintiffs requiring an amended complaint. *See Trans Rail America, Inc. v. Hubbard Tp.*, 478 Fed. Appx. at 987; *Taylor v. City of Cleveland*, 2006 WL 1982968 at fn 3 (N.D. Ohio 2006), *Cobb*, 2010 WL 2010780, at *2.

Plaintiffs' Complaint contains four counts, one of which, Count Three, alleges "Defendants" violated s. 607(e)(1), 15 U.S.C. §1681(e)(1), *see* Complaint at ¶¶60-63, and three of which, Counts One, Two, and Four, respectively, allege "All Defendants:" (1) willfully noncomplied with the Fair Credit Reporting Act pursuant to 15 U.S.C. §§1681b and 1681n, *id.* at ¶¶56-57; (2) negligently noncomplied with the Fair Credit Reporting Act pursuant to 15 U.S.C. §§1681b and 1681o, *id.* at ¶¶58-59; and (3) violated of s. 607(e)(2), 15 U.S.C. §1681(e)(2)[2], *id.* at ¶¶64-69. In addition, each count of the Complaint repeats, re-alleges, and incorporates by reference all prior allegations in the Complaint, leaving the final count "an amalgamation of everything in the complaint." *Cobb*, 2010 WL 2010780, at *2 (*quoting Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001).

Rule 8(a) requires all pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a). Additionally, Rule 10 requires that each claim must be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). As the Complaint currently reads, it is virtually impossible for United Debt to know which allegations of fact are intended to support which claims for relief as the counts

---

[2] Even more problematic is Count Four's allegation of a violation of s. 607(e)(2) that contains specific references to conduct attributable to "Defendants Masada and/or New Wave," an unsupported conclusion that "All Defendants are engaged in a pattern and practice of violating the FCRA," and an ultimate conclusion that "Defendants are each liable." *Compare* ¶¶65-69 of Plaintiffs' Complaint [D.E. 1].

incorporate, in full, all of the previous counts and allegations. Each claim for relief, by failing to comport with Rule 10(b)'s requirement to limit claims for relief to a single set of circumstances, fails to specify the harms alleged by each Plaintiff, and contains irrelevant material that obscures Plaintiffs' factual allegations.

Further, when a complaint involves multiple parties and multiple claims as is the case here, each claim should make it clear which allegation(s) applies to which defendant, and which defendant is alleged to have committed which wrong(s). If it cannot be determined "from the face of the complaint which defendants [are] accused of which violations, what specific acts constitute[] violations, or when alleged violations occur[]," then such a complaint fails to state a claim upon which relief can be granted. *See Howley v. U.S. Patent and Trademark Office*, 2008 WL 4852684, at 2 (E.D. Mich. 2008)(*citing Monroe v. Owens,* 38 Fed. Appx 510, 515 (10th Cir. 2002). Plaintiffs repeatedly refer to "Defendants" collectively and fail to give United Debt notice of what act it is alleged to have committed, or failed to commit, in violation of the Fair Credit Reporting Act. "'The counts…lump Defendants together without clearly linking specific wrongs to them individually' and '[a] complaint that lump[s] all the defendants together and fail[s] to distinguish their conduct[,]…fail[s] to give adequate notice to the…defendants as to what they did wrong.'" *Aaron v. Durrani*, 2013 WL 5177144, at *3 (S.D. Ohio 2013)(*citing Infanti v. Scharpf*, 2008 WL 2397607, at *2 (E.D. N.Y. 2008). Indeed, the Complaint references the word "Defendants" more than thirty (30) occasions without qualifying the word or providing context as to which "Defendants" are referenced, which "Defendants" are accused of which violation, or which "Defendants" are alleged to have committed specific acts constituting a violation. Is it two? If so, which two? Is it three? United Debt should not be forced into the untenable position of guessing which allegations and claims pertain to it and which do not as a result of Plaintiffs failure to specify the harms allegedly caused by each Defendant.

Accordingly, Plaintiffs Complaint should be dismissed on these bases alone. Plaintiffs have failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and failed to limit each claim to a single set of circumstances so as to provide United Debt with "fair notice of what the…claim is and the grounds upon which it rests." *Twombly,* 550 U.S. 555 (*citing Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 999, 2 L.Ed.2d 80 (1957)); Fed R. Civ. P 8(a); Fed. R. Civ. P. 10(b).

6

17443788:2

## C. Plaintiffs Fail to Sufficiently State Their Claims

### 1. Failure to Properly or Sufficiently Plead a Violation of 15 U.S.C. §§ 1681b (COUNTS ONE AND COUNT TWO)

Plaintiffs failed to plead facts that plausibly give rise to an entitlement to relief for the alleged statutory violations contained within Count One. Count One alleges the following:

> 56. Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.
> 57. All Defendants willfully obtained and used Plaintiffs' and the class' consumer reports without a permissible purpose in violation of 15 U.S.C. §§ 1681b[3] and 1681n[4].

*See* ¶¶ 56 and 57 of the Complaint [D.E. 1]. Similarly, Plaintiffs fail to plead facts that plausibly give rise to an entitlement to relief for the alleged statutory violations contained within Count Two. Count Two alleges the following:

> 58. Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.
> 59. All Defendants negligently obtained and used Plaintiffs' and the class' consumer reports without a permissible purpose in violation of 15 U.S.C. § 1681b and 1681o[5]

*See* ¶¶58 and 59 of the Complaint [D.E. 1]. Plaintiffs seek factual support for their blatant legal conclusion contained in Counts One and Two by "repeat[ing], re-alleg[ing], and incorporate[ing]…all of the foregoing paragraphs." However, a review of "all of the foregoing paragraphs' reveals that there are no factual allegations to support Counts One and Two against United Debt. The *factual* allegations reveal that United Debt neither obtained nor used Plaintiffs' consumer report for an improper purpose[6].

United Debt is alleged to market debt settlement services to Ohio consumers through direct mail offers. *See* ¶¶ 10, 38, and 41 of the Complaint [D.E. 1]. Further, Plaintiffs seek to

---

[3] 15 U.S.C. §1681b provides permissible purposes for obtaining and using consumer reports, and further provides "[a] person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e…." *See* 15 U.S.C. 1681b(f).

[4] 15 U.S.C. §1681n provides penalties for a person and/or entity who willfully fails to comply with any requirement imposed under the FRCA with respect to a consumer.

[5] 15 U.S.C. §1681o provides penalties for a person and/or entity who willfully fails to comply with any requirement imposed under the FRCA with respect to a consumer.

[6] The oft-repeated, but undefined "Defendants" purportedly used Plaintiffs' consumer reports for an improper purpose, but, as discussed, *supra*, this improper lumping of Defendants fails to give United Debt notice as to what act it is alleged to have committed, or failed to commit, in violation of the Fair Credit Reporting Act. *See* ¶¶39 and 41 of the Complaint.

7

establish that United Debt uses purported consumer reports for the marketing of debt settlement services. *See* ¶37 of the Complaint [D.E. 1]. However, nowhere within the Complaint are the contents of the purported direct mail offers provided despite Plaintiffs' allegation of "the mailed solicitation attached as Exhibit A and incorporated herein." *See* ¶ 41 of the Complaint [D.E. 1]. Exhibit A is not attached to the Complaint. Because of Plaintiffs reliance on Exhibit A, Plaintiffs' failure to attach Exhibit A results in Plaintiffs failure to properly plead factual support necessary to establish any claim against United Debt as nowhere in the Complaint is United Debt alleged to have sent any specific mailings to any of the Plaintiffs aside from the non-existent Exhibit A[7]. Plaintiffs have not even alleged a date range as to when the purported direct mail offers were sent to Plaintiffs or any other supposed member of the putative class.

Plaintiffs, after acknowledging that permissible purposes exist to use the purported consumer reports at issue in this case via mail, assert the legal conclusions that the purported United Debt[8] offers are not "firm offers"[9] and "[are] not a permissible purpose under the FCRA" without providing any factual basis or factual analysis to support this conclusion. *See* ¶¶ 36, 38, and 39 of the Complaint [D.E. 1]. Pursuant to *Iqbal* such legal conclusions must be eliminated from the Court's analysis, and the Court must focus on the well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Plaintiffs, having failed to attach Exhibit A to the Complaint or to explain the contents of Exhibit A, do not provide any well-pleaded factual allegations that, if accepted as true, suffice "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because of Plaintiffs' reliance on Exhibit A, which terms Plaintiffs seek to incorporate within the Complaint and which purports to be an impermissible use of a consumer report, the failure to attach Exhibit A or describe the contents contained therein fails to give United Debt notice of its purported impropriety. Thus, Plaintiffs failed to properly allege sufficient facts that plausibly give rise to an entitlement to relief.

Additionally, 15 U.S.C. §1681b contains multiple subsections capable of violation each of which requires a different averment of factual allegations to state a claim for relief. Nowhere

---

[7] The oft-repeated, but undefined "Defendants" are alleged to have delivered "thousands of mailers to Plaintiffs…in the same or substantially similar form as Exhibit A" but nowhere in the Complaint are the contents or any purported mailers provided, this despite the fact that Plaintiff claims there are over a thousand of them in circulation, nor is United Debt alleged to have sent any of the purported mailers. *See* ¶43 of the Complaint [D.E. 1].
[8] United Debt assumes for purposes of this argument that the oft-repeated, but undefined phrase "Defendants" includes United Debt. Such a shortcoming as discussed *supra* should result in a dismissal so as to prevent United Debt or any other of the "Defendants" from having to speculate as to Plaintiffs true pleading intentions.
[9] A "firm offer" is a permissible use of a consumer report. *See* 15 U.S.C. §1681b(c).

17443788:2

within the Complaint, and certainly nowhere within Count One and Two, do Plaintiffs advise United Debt which subsection(s) it purportedly violated. Instead, Plaintiffs assert the unsupported conclusions that lump the Defendants together and fails to advise United Debt as to which subsection it purportedly violated by stating "[a]ll Defendants [willfully and/or negligently] obtained and used…consumer reports without a permissible purpose." Plaintiffs certainly cannot contend that such a claim advises United Debt as to the subsection it allegedly violated.

Accordingly, Plaintiffs' failure to allege facts that plausibly give rise to an entitlement to relief, and Plaintiffs failure to advise what subsection United Debt is alleged to have violated deprives United Debt of knowing "what the…claim is and the grounds upon which it rests." *Twombly, 550 U.S. at 555.*

### 2. Failure to Properly or Sufficiently Plead a Violation of 15 U.S.C. §§ 1681n (Count One)

Plaintiffs failed to properly allege sufficient facts showing that United Debt obtained and used Plaintiffs' consumer reports for an improper purpose. Plaintiffs, having failed to properly allege sufficient facts that plausibly give rise to an entitlement to relief for a purported violation of an unknown subsection of 15 U.S.C. §§1681b, cannot contend that United Debt was willful in failing to comply with the purported violation of an unknown subsection of 15 U.S.C. §1681b.

Further, Plaintiffs failed to allege any facts sufficient to establish willful noncompliance by United Debt pursuant to 15 U.S.C. §1681n. Willful noncompliance "covers not only knowing violations of the statute, but also reckless ones." *Godby v. Wells Fargo Bank, N.A.*, 599 F.Supp.2d 934, 943 (S.D. Ohio 2008). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 69, 127 S. Ct. 2201, 167 L.Ed.2d 1045 (2007). A reasonable reading of the statute provides a defense to an allegation of willful noncompliance. *Id*. at 70. Here, Plaintiffs have not only failed to sufficiently allege facts that support a reckless violation of the Fair Credit Reporting Act, but most certainly also failed to sufficiently allege any facts that support a knowing violation of the Fair Credit Reporting Act.

Accordingly, Plaintiffs failure to allege any facts that establish a willful violation of the Fair Credit Reporting Act as alleged in Count One does not give rise to an entitlement to relief for a purported violation of an unknown subsection of 15 U.S.C. §1681b, and, as such, necessitates dismissal of Count One.

### 3. Failure to Properly or Sufficiently Plead a Violation of 15 U.S.C. §§ 1681o[10] (Count Two)

Plaintiffs failed to properly allege sufficient facts showing that United Debt obtained and used Plaintiffs' consumer reports for an improper purpose. Plaintiffs, having failed to properly allege any sufficient facts, including facts describing United Debt's role in the document Plaintiffs refer to as being attached to the Complaint as Exhibit A, but that is not actually attached to the Complaint, cannot plausibly give rise to an entitlement to relief for a purported violation of an unknown subsection of 15 U.S.C. §1681b. Further, Plaintiffs cannot contend that United Debt was negligent in failing to comply with the purported violation of an unknown subsection of 15 U.S.C. §1681b.

### 4. Failure to Properly Plead a Violation of Section 607(e)(1), 15 U.S.C. §1681e(e)(1) (Count Three)

Plaintiffs failed to plead facts that plausibly give rise to an entitlement to relief for the alleged statutory violations contained within Count Three. Count Three alleges the following:

> 60. Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.
> 61. Section 607(e)(1) of the FCRA, 15 U.S.C. §1681e(e)(1), required persons who procure consumer reports for purposes of reselling the reports to identify the end-user of the report.
> 62. As described herein, Defendants Masada and/or New Wave failed to disclose to the consumer reporting agency that furnished the consumer reports the identities of the end-users of the consumer reports.
> 63. By and through the acts and practices described above, and with respect to Plaintiffs and the class, Defendants[11] have violated section 607e(e)(1) of the FCRA, 15 U.S.C. §1681e(e)(1).

*See* ¶¶60-63 of the Complaint [D.E. 1]. Plaintiffs seek factual support for their blatant legal conclusion contained in Count Three by "repeat[ing], re-alleg[ing], and incorporate[ing]…all of

---

[10] Plaintiffs title Count Two as "Violation of…15 U.S.C. §1681n" but refer to "§1681o" in the body of Count Two. *See* ¶59 of the Class Action Complaint [D.E. 1].
[11] Such improper lumping of the Defendants is improper in and of itself as discussed *supra*.

10

17443788:2

the foregoing paragraphs."[12] However, a review of "all of the foregoing paragraphs" reveals that there are no factual allegations to support the claim against United Debt. The *factual* allegations actually reveal that United Debt did not procure any report, let alone a consumer report, for purposes of resale. Indeed, United Debt is alleged only to purportedly have "misused the lists to send direct mail solicitation to Ohio consumers[13] in financial distress." *See* ¶3 of the Complaint [D.E. 1].

Plaintiffs, through their continuous, improper pattern of lumping Defendants together, failed to allege any facts, let alone sufficient facts that plausibly give rise to an entitlement to relief against United Debt. Accordingly, Count Three should be dismissed.

### 5. Failure to Properly Plead a Violation of Section 607(e)(2), 15 U.S.C. §1681e(e)(2) (Count Four)

Plaintiffs failed to plead facts that plausibly give rise to an entitlement to relief for the alleged statutory violations contained within Count Four. Count Four alleges the following:

> 64. Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.
> 65. Section 607(e)(2), 15 U.S.C. §1681e(e)(2), requires a person who procures consumer reports for purposes of reselling the reports establish and comply with reasonable procedures designed to ensure that the consumer reports are resold by the person only for a permissible purpose.
> 66. As described herein, Defendants Masada and/or New Wave failed to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 604 of the FCRA.
> 67. By and through the acts and practices described herein, Defendants Masada and New Wave have violated section 607(e)(2) of the FCRA, 15 U.S.C. §1681e(e)(2).
> 68. All Defendants are engaged in a pattern and practice of violating the FCRA through the systematic use of illegally obtained consumer credit reports.
> 69. As a result of the above averments, Defendants are each liable to the plaintiffs and the class for the FCRA's statutory damages, punitive damages, and attorney's fees and costs, of which the exact amount will be proven at trial.

*See* ¶¶64-69 of the Complaint [D.E. 1]. Plaintiffs seek factual support for their blatant legal conclusions contained in Count Four by "repeat[ing], re-alleg[ing], and incorporate[ing]…all of the foregoing paragraphs."[14] However, a review of "all of the foregoing paragraphs" reveals that there is no factual support to support Count Four against United Debt. The *factual* allegations

---

[12] Such shotgun pleading is improper in and of itself as discussed *supra*.
[13] Of noticeable significance, the plain language of the Complaint indicates United Debt's purported conduct is not directed at any Plaintiff, but to unknown Ohio consumers.
[14] Such shotgun pleading is improper in and of itself as discussed *supra*.

reveal that United Debt did not procure any report, let alone a consumer report, for purposes of resale. Indeed, United Debt is alleged only to have "misused the lists to send direct mail solicitation to Ohio consumers in financial distress." *See* ¶3 of the Complaint [D.E. 1]. Plaintiffs, having failed to aver sufficient facts establishing United Debt procured any report, let alone a consumer report, for purposes of resale, did not aver sufficient facts establishing that United Debt failed to establish and comply with reasonable procedures designed to ensure that the consumer reports are resold by the person only for a permissible purpose.

Plaintiffs seem to attempt to allege a claim within Count Four in stating "Defendants Masada and/or New Wave failed to maintain reasonable procedures," and therefore "Defendants Masada and New Wave have violated…the FCRA." *See* ¶¶66-67 of the Complaint. However, Plaintiffs persist in their continuous, improper pattern of lumping Defendants together by immediately thereafter concluding "[a]ll Defendants[15] are engaged in a pattern and practice of violating the FCRA," and "as a result of the above averments [which incorporate all of the foregoing paragraphs], Defendants are each liable…." *See* ¶¶68-69 of the Complaint. Count Four purports to provide facts establishing a violation of the Fair Credit Reporting Act by "Defendants Masada and/or New Wave" without referencing United Debt, but proceeds to lump United Debt into the claim by stating "all Defendants are engaged in a pattern and practice of violating the FCRA" and "Defendants are each liable" without having averred any factual allegations within the Complaint to support such a conclusion against United Debt. Accordingly, Count Four should be dismissed.

### 6. Failure to Properly Plead Agency Relationship

To the extent Plaintiffs attempt to rely upon a purported agency relationship to impute upon United Debt any facts within the pleading directed toward New Wave Lending Corp., Benjamin Rodrgiuez, and/or MTC Texas Corp. dba Masada Group, Plaintiffs failed to properly plead an agency relationship between the parties. *See* ¶43 of the Complaint [D.E. 1] ("Defendants, acting in concert [and] in an agency relationship…."). Under Ohio law "[a]gency is the fiduciary relation which results from (1) the manifestation of consent by one person to another that other shall (2) act on his behalf and (3) subject to his control, and (4) consent by the other so to act." *Custom Rubber Corporation v. ATS Specialized, Inc.*, 633 F. Supp. 2d 495, 511 (N.D. Ohio 2009)(*citing Pavlovich v. Natl City Bank*, 435 F.3d 560 (6th Cir. 2006)). Nowhere

---

[15] Such lumping of Defendants is improper in and of itself as discussed *supra*.

17443788:2

within the Complaint are the elements establishing an agency relationship alleged, supported, or concluded. Accordingly, Plaintiffs failed to properly plead the existence of an agency relationship and cannot impute upon United Debt any facts contained within the pleading that are directed towards United Debt's co-Defendants.

### D. Plaintiffs Fail to Set Forth Sufficient Facts to Support the Maintenance of this Matter as a Class Action

The Complaint recites the barebones language used to attempt to plead a class action, but fails to provide any meaningful analysis incorporating basic facts to sustain Plaintiffs conclusion that "[a] class action is superior to the other available methods for the fair and efficient adjudication of this controversy…." *See* ¶53 of the Complaint [D.E. 1]. "Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)(*citing Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1200 (6th Cir. 1974). As a preliminary matter, Plaintiffs must plead ultimate facts to satisfy all of the prerequisites contained within Rule 23(a)[16] and one of the subsections contained within Rule 23(b)[17].

The proposed class is described as "Ohio citizens on the prescreened marketing lists Defendants accessed and/or used since 2009 to market debt relief services." *See* ¶47 of the Complaint [D.E. 1]. The use of "access[] and/or use[]" indicates two distinct and separate violations occurred, which violations Plaintiffs improperly seeks to lump into the same claims

---

[16] One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)

[17] A class may be maintained if Rule 23(a) is satisfied and if: (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards or conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act of grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense or separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)

17443788:2

for relief. Further, neither 15 U.S.C. §§1681b, 1681e, 1681n, nor 1681o, the sections under which Plaintiffs attempt to bring the current action, prohibit the "access" of a consumer report. In fact the only time the word "access" is used within any of the foregoing sections is in the context of governmental agencies obtaining consumer reports for purposes of determining the eligibility of the consumer concerned "to receive access or continued access to classified information," which facts are not alleged within the Complaint. *See* 15 U.S.C. §§1681b(b)(4)(D)(ii) and 1681e(e)(3)(A). Accordingly, Plaintiffs improperly seek to extend the reach of the Fair Credit Reporting Act to behavior that is of no concern to the Fair Credit Reporting Act.

Because of Plaintiffs' reliance on Exhibit A, which terms Plaintiffs seek to incorporate within the Complaint and which purports to be an impermissible use of a consumer report, the failure to attach Exhibit A or describe the contents contained therein fails to give United Debt notice of its purported impropriety. Without attaching Exhibit A to the Complaint, Plaintiffs have failed to even attempt to provide a statement of basic facts establishing a commonality among putative class members. Accordingly, Defendants are not in a position to determine if there is a commonality amongst class members as Exhibit A is not attached to the Complaint. It should not go unnoticed that as it pertains to United Debt, Plaintiffs attempt to allege the following Plaintiff-described "common questions of law and fact" improperly seeks to establish a commonality based upon an irrelevant question for purposes of the Fair Credit Reporting Act:

> A. Whether Defendant United Debt Services has systematically engaged in the long-term illegal practice of accessing and/or misusing *consumer credit reports* for an impermissible marketing purpose.

(emphasis added) *See* ¶50(A) of the Complaint [D.E. 1]. Plaintiffs describes the purported misuse of "consumer credit reports" in an effort to establish a commonality of interests amongst the putative class members. *See* ¶50(A) of the Complaint [D.E. 1]. However, the term "consumer credit reports" is not only not defined within the Fair Credit Reporting Act, but not even mentioned therein. *See* 15 U.S.C. §1681a. Plaintiffs again appear to seek to have this Court extend the reach of the Fair Credit Reporting Act to topics that are of no concern to the Fair Credit Reporting Act. Accordingly, Plaintiffs improper attempt to create common questions whose answers are of no concern to the Fair Credit Reporting Act and must be denied.

Plaintiffs allege that the individual claims against Defendants "are typical of their respective class members' claims because the claims all share the same legal basis for recovery,

14

the same predicate facts to liability, and the same basic relief sought. The class claims are identical." *See* ¶ 51 of the Complaint [D.E. 1]. This general recital of Rule 23.1(3) fails to provide any basic facts to conduct a meaningful analysis. Contrary to Plaintiffs' allegations, it cannot be said that "the same predicate facts to liability" exist as the facts necessary to establish the prescreened lists were purportedly improperly used and obtained differ. Additionally, "the commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157-8, n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Due to the similar analysis between the two requirements, "[c]ommonality [and thus typicality] requires the plaintiff to demonstrate that the class members 'have suffered the same injury,' [internal citations omitted]. This does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L.Ed.2d 374 (U.S. 2011)(*quoting Falcon*, 457 U.S. at 147, 157, 102 S. Ct. 2364). The Complaint does not allege any facts that establish each class member suffered the same injury, which fails to establish typicality, as the proper analysis focuses on the nature of the injury in order to provide the Court with "the capacity to generate *common answers* apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at 2551.

Further, "there are two criteria for determining whether the representation of the class will be adequate: 1) the representative must have common interests with the unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interest of the class through qualified counsel." *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). Plaintiffs have not alleged that they will "vigorously prosecute the interest of the class" nor have Plaintiffs properly asserted the qualification of counsel to maintain a class action.

Plaintiffs failed to provide any meaningful analysis incorporating basic facts to sustain Plaintiffs conclusion that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Accordingly, Plaintiffs have not established the support necessary for the maintenance of the matter as a class action.

### E. Plaintiffs' Request for Declaratory Relief is Improper, Insufficient, and Should be Stricken

Section 2201, Title 28 U.S.C. provides, in pertinent part, "[i]n a case of actual controversy within its jurisdiction,…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See* 28 U.S.C. §2201(a). As shown, *supra*, Plaintiffs failed to allege any facts, let alone sufficient facts that plausibly give rise to an entitlement to relief against United Debt necessitating the dismissal of the Complaint. Accordingly, the Plaintiffs failed to present a justiciable issue to this Court rendering the request for declaratory relief improper. *See Ryan v. State of Tenn.*, 257 F.2d 63 (6th Cir. 1958)(complaint failed to present a factual situation to the court or state a controversy or issue between the parties rendering the request for declaratory judgment improper); *see also Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977 (in seeking a declaratory judgment – just as in seeking any other remedy – a plaintiff must state a claim upon which relief can be granted) *Courtney v. Goltz*, 736 F.3d 1152 (9th Cir. 2013)(a claim under the Declaratory Judgment Act requires the plaintiffs allege facts that, if true, would violate federal law).

### F. Plaintiffs' Request for Injunctive Relief is Improper, Insufficient, and Should be Stricken

Sections 1681n and 1681o, Title 15 U.S.C. provide civil liability for willful noncompliance and negligent noncompliance with the Fair Credit Reporting Act, respectively, in the form of monetary damages. Neither 15 U.S.C. §§1681n nor 1681o provide injunctive relief in the event there was an allegation of a violation of the Fair Credit Reporting Act. Thus, to state a claim for injunctive relief, Plaintiffs must have alleged the following: (1) they have suffered irreparable injury; (2) monetary compensation or other remedies at law are inadequate to compensate for that injury; (3) a balance of equities favors a remedy in equity; and (4) the public interest is not disserved by injunction. *See eBay v. MercExchange LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (U.S. 2006); *see also U.S. v. Miami University*, 294 F. 3d 797, 816 (6th Cir. 2002)("In order to obtain…[a] permanent injunction, [a party] must demonstrate that failure to issue the injunction is likely to result in irreparable harm. [internal citation omitted]. In addition, the party seeking injunctive relief generally must show that there is no other adequate remedy at

law. [internal citations omitted]. If injunctive relief is proper, it should be no broader than necessary to remedy the harm at issue."). Plaintiffs failed to allege any of the foregoing, let alone all of the foregoing, and cannot support a claim for injunctive relief. Accordingly, Plaintiffs requests for injunctive relief fail and should be stricken from the pleading.

### III. CONCLUSION

Plaintiffs' attempts to plead claims against United Debt are so deficient that not a single count can withstand scrutiny. Plaintiffs impermissibly lumped the Defendants together in a shotgun pleading that deprived United Debt of fair notice of the claims advanced against United Debt and the grounds upon which they rest. Further, Plaintiffs failed to allege any facts which would support a claim for relief against United Debt for a purported violation of 15 U.S.C. §§1681b, 1681n, 1681o, 1681e(e)(1), and/or 1681e(e)2, especially in light of the failure to attach Exhibit A to the Complaint, and Plaintiffs failed to allege any facts which would support the maintenance of this matter as a class action. Accordingly, the Complaint should be dismissed in light of the shortcoming discussed herein.

WHEREFORE, Defendant United Debt Services, LLC, requests this Court dismiss Plaintiffs' Complaint with prejudice, award attorney fees pursuant to the Fair Credit Reporting Act, and award any other relief in favor of the Defendant this Court deems just and proper.

Respectfully Submitted,

/s/ Ashley L. Oliker
Ashley L. Oliker (0085628)
Frost Brown Todd LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215-3484
Telephone: (614) 559-7227
Facsimile: (614) 464-1737
Email: aoliker@fbtlaw.com
*Trial Attorney for Defendant United Debt Services, LLC*

17

                                        Beth-Ann E. Krimsky
Fla. Bar No. 968412
beth-ann.krimsky@gmlaw.com
*Pro Hac Vice request pending*
Lawren A. Zann
Fla. Bar No. 42997
lawren.zann@gmlaw.com
*Pro Hav Vice request pending*
GREENSPOON MARDER, P.A.
100 W. Cypress Creek Rd, Suite 700
Trade Center South
Fort Lauderdale, FL 33309
Tel: (954) 527-2427
Fax: (954) 333-4077
*Attorneys for Defendant United Debt Services, LLC*

18

17443788:2

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 24, 2014, I electronically filed the foregoing Motion to Dismiss via transmission of Notice of Electronic Filing generated by CM/ECF, and, pursuant to S.D. Ohio Civ. R. 5.2, served the foregoing upon: Jeremiah E. Heck, Esq., jheck@lawLH.com, Brian M. Garvine, Esq., brian@garvinelaw.com, Mark D. Lewis Esq., mlewis@klhlaw.com, Robert J. Wagoner, Esq., bob@wagonerlawoffice.com, counsels for Plaintiffs, and Benjamin V. Rodriguez, 1406 W. Clifton #19, Lakewood Ohio, 44107, pro se Defendant.

Date: March 24, 2013

    /s/ Ashley L. Oliker
    Ashley L. Oliker (0085628)
    Frost Brown Todd LLC
    One Columbus, Suite 2300
    10 West Broad Street
    Columbus, OH 43215-3484
    Telephone: (614) 559-7227
    Facsimile: (614) 464-1737
    Email: aoliker@fbtlaw.com
    *Trial Attorney for Defendant United Debt Services, LLC*

17443788:2