## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Peter Blasi Jr**., on behalf of<br>himself and all others similarly situated,<br>5573 Equinox Dr.<br>New Albany, Ohio 43054-7623 | :<br>:<br>:<br>:<br>: | Case No.: 2:14-CV-083 |
| **Jordan Brodsky**, on behalf of himself<br>and all others similarly situated,<br>366 Greif Parkway<br>Delaware, Ohio 43015-8260 | :<br>:<br>:<br>: | District Judge: George C. Smith<br><br>Magistrate Judge: Terrence P. Kemp |
| **Michael  J. Cassone**, on behalf of<br>himself and all others similarly situated,<br>936 Northwest Blvd<br>Grandview Heights, Ohio 43212-3845 | :<br>:<br>:<br>:<br>: | |
| Plaintiffs, | :<br>: | **FIRST AMENDED<br>CLASS ACTION COMPLAINT** |
| v. | :<br>:<br>: | **AND REQUEST FOR<br>DECLARATORY AND<br>AND INJUNCTIVE RELIEF** |
| **United Debt Services, LLC**<br>c/o Statutory Agent, Corrine Maples<br>2611 Internet Blvd, Suite 201<br>Frisco, Texas 75034 | :<br>:<br>:<br>:<br>: | |
| **New Wave Lending Corp**.<br>1236 Weathervane Lane, Suite 202<br>Akron, Ohio 44313 | :<br>:<br>:<br>: | **Jury Demand Endorsed Herein** |
| **Benjamin Rodriguez**<br>4047 Riveredge Road<br>Cleveland, Ohio 44111-5629 | :<br>:<br>:<br>: | |
| **MTC Texas Corp**.<br>**dba Masada Group**<br>c/o Statutory Agent, CT Corporation Service<br>Company<br>50 Weston St.<br>Hartford, CT 06120 | :<br>:<br>:<br>:<br>:<br>: | |
| Defendants. | :<br>: | |

## INTRODUCTION AND NATURE OF ACTION

1.     Plaintiffs file this First Amended Class Action Complaint and Request for Declaratory and Injunctive Relief ("First Amended Complaint" or "Complaint") pursuant to the Court's April 23, 2014 Order (Doc. 17) and Fed. R. Civ. P. 15(a)(2) with written consent from all Defendants appearing in this matter to date.

2.     The Fair Credit Reporting Act ("FCRA") is a federal consumer protection law regulating access to, and use of, consumer reports. As set forth in this First Amended Complaint, all Defendants uniformly violate the FCRA by either illegally accessing and reselling or illegally using consumer reports to market debt relief services to thousands of financially distressed Ohioans.

3.     In particular, all Defendants are credit reporting agencies and marketing/lead generators who buy, sell and use prescreened consumer lists for marketing debt relief services.  The prescreened consumer lists used by all Defendants include not only private financial information such as FICO scores, debt load and credit utilization rates, but Ohio consumer names, addresses and partial social security numbers.  Under the FCRA, such lists constitute consumer reports that may only be accessed and used for a permissible purpose.  15 U.S.C. § 1681b(f); *see Trans Union v. FTC*, 245 F.3d 809 (U.S. App. D.C. 2001).

4.     As further set forth in this First Amended Complaint, Defendant MTC Texas Corp., dba Masada ("Masada") obtains prescreened consumer lists from credit reporting agencies (such as Equifax, Transunion or Experian) for the improper purpose of marketing debt relief services to Ohio consumers.  Masada then resells the prescreened consumer lists to Defendant New Wave Lending Corp. ("New Wave") without first performing the required due diligence under the FCRA. New Wave, in turn, resells the lists to United Debt Services, LLC ("United Debt

Services"), also for the improper purpose of marketing debt relief services to Ohio consumers and without first performing the required due diligence under the FCRA.  Defendant United Debt Services, in violation of the FCRA, uses the lists to create and send direct mail solicitation to Ohio consumers in financial distress.

5.      Upon information and belief, all Defendants have engaged in the above described misconduct as part of a longstanding pattern and uniform practice of violating the FCRA.  The named representatives, on behalf of themselves and thousands of similarly situated Ohio consumers, bring this class action under the FCRA to stop Defendants from illegally accessing and misusing their private financial information, among other relief sought by the class.

## JURISDICTION, VENUE AND PARTIES

6.      This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3), and (c)(4), as well as S.D. Ohio Civ. R. 23.1-3, seeking monetary, declaratory, and injunctive relief both individually and for the putative class.

7.      This Court has jurisdiction over the parties and the subject matter of this action.

8.      Plaintiff Peter Blasi is an individual consumer and domiciliary of New Albany, County of Franklin, State of Ohio, residing at 5573 Equinox Drive.

9.      Plaintiff Jordan Brodsky is an individual consumer and domiciliary of New Albany, County of Franklin, State of Ohio, residing at 4551 Dover Commons Court.

10.     Plaintiff Michael Cassone is an individual consumer and domiciliary of Grandview Heights, County of Franklin, State of Ohio residing at 936 Northwest Boulevard.

11.     Defendant United Debt Services, LLC ("United Debt Services") is a Texas company that does business in Ohio by, among other acts, marketing debt settlement services to Ohio consumers through direct mail solicitation. United Debt Services operates from an address at

2611 Internet Boulevard, Suite 201, in the City of Frisco, in the State of Texas, with its principal place of business in Frisco, Texas.

12.     Defendant New Wave Lending Corp. ("New Wave") is an Ohio company that, at one time, acted as a mortgage broker.  Upon information and belief, New Wave had its mortgage broker license revoked before and/or during the conduct alleged in this Complaint.

13.     Upon information and belief, New Wave is no longer incorporated, but, at one time, was incorporated in the State of Ohio.

14.     New Wave's principal place of business was 1236 Weathervane Lane, Suite 202 and 204, Akron, Ohio 44313.

15.     Benjamin Vincent Rodriguez ("Rodriguez") is the owner of New Wave and, at all times relevant, Rodriguez directed and/or participated in the acts and practices of New Wave, including the acts and practices set forth in this Complaint. All references and allegations in this Complaint concerning New Wave include and incorporate Defendant Vincent Rodriguez unless otherwise specifically noted herein.

16.     At all times relevant, New Wave obtained prescreened consumer lists from credit reporting agencies to market to the named Plaintiffs and the class.

17.     Defendant MTC Texas Corporation, dba Masada Group, Masada Group Technologies Corporation and/or Masada Group Technology ("Masada"), is a company which obtains data from credit reporting agencies and resells such data to companies for marketing purposes. Masada's principal place of business is 134 Old Ridgefield Road, Wilton, Connecticut 06897.

18.     At all times relevant, unless otherwise indicated, "Defendant" or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals,

trustees, sureties, subrogees, representatives, and insurers of Defendants named in this Complaint.

19.     At all times relevant, Rodriguez directed the operations of New Wave and is liable for the misconduct of said business, as alleged herein.

20.     This Court is the proper venue pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to this action occurred in Franklin County, Ohio, where all of the Plaintiffs reside.

21.     All Defendants knew or should have known the prescreened consumer lists contained Ohio consumers; as a result, all Defendants have availed themselves of and secured the benefits of the Ohio marketplace. Defendants, therefore, are subject to this Court's personal jurisdiction.

**STATEMENT OF FACTS**

22.     Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

23.     All Defendants obtain and/or use consumer credit reports in the normal course of their respective businesses.

24.     Since at least 2009, all Defendants obtain and/or use consumer credit reports for either reselling consumer credit reports (Masada, New Wave and Rodriguez) or marketing and/or soliciting debt relief services (United Debt Services).

25.     Upon information and belief, Masada obtains prescreened lists of consumers (prescreened consumer lists as described in paragraph three), including named Plaintiffs and the class, from credit reporting agencies such as Equifax, Transunion and Experian.

26.     Masada obtains the prescreened consumer lists for the improper purpose of marketing debt relief services to Ohio consumers.

*Blasi et al. v. United Debt Services, LLC, et al.*
First Amended Complaint

27.     Masada then resells the prescreened consumer lists to New Wave without first performing the required due diligence under the FCRA.

28.      Upon information and belief, New Wave obtains the prescreened consumer lists from Masada by representing that New Wave will use the lists to provide firm offers of credit to Ohio consumers.

29.     New Wave, however, uses the prescreened consumer lists to either resell to United Debt Services or to send direct mail marketing and/or solicitation materials to Plaintiffs and the class as potential clients, any and all of which conduct violates the FCRA.

30.     Upon information and belief, Defendants Masada and New Wave obtain from the prescreened lists information on Plaintiffs' and the class' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, among other information.

31.     Upon information and belief, Defendants Masada and New Wave obtain the lists from a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

32.     Furthermore, Defendants Masada and/or New Wave request that the credit reporting agency(ies) compile the lists for marketing purposes.

33.     Masada then resells the lists to New Wave who resells them to Defendant United Debt Services.

34.     United Debt Services uses the lists to promote and operate a business of soliciting Ohio clients for its debt relief services.  In furtherance of that business, United Debt Services drafts the mailers attached as Exhibit A or directs an agent to draft the mailers.

35.     Upon information and belief, the mailers are "form letters" drafted for mass mailing campaigns.

*Blasi et al.  v. United Debt Services, LLC, et al.*
First Amended Complaint

36.     Each mailer sent to Plaintiffs and the class is substantially similar in form and content with the exception of the financial and demographic information pertaining to Plaintiffs and the class. Each mailer indicates that "[r]evolving consumer debt and credit card payments make you a candidate for this debt relief program." See Exhibit A, attached.

37.     The prescreened consumer lists are "consumer reports" as defined in section 603(d) of the FCRA, 15 U.S.C. § 1681a(d). A "consumer report" is:

> Any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collect in whole or in part for the purpose of serving as a faction in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604.

15 U.S.C. § 1681a(d).

38.     Information in the prescreened lists such as the amount of unsecured debt a consumer might have bears on, among other issues, a consumer's credit worthiness and credit standing and is used or expected to be used as a factor in determining a consumer's eligibility for credit.

39.     Section 604(f) of the FCRA, 15 U.S.C. § 1681b(f), prohibits persons from using or obtaining consumer reports in the absence of a "permissible purpose."

40.     Section 607(e) of the FCRA, 15 U.S.C. § 1681e(e), requires persons who procure consumer reports for resale to establish and comply with reasonable procedures designed to ensure that the consumer reports are only resold for a permissible purpose.

41.     The only permissible purpose for using a prescreened list under the FCRA, such as those at issue in this case, is to make a "firm offer of credit or insurance." A "firm offer" is one that

will be honored (subject to certain exceptions) if the consumer continues to meet the pre-selected criteria used to select them for the offer.

42.     Obtaining or using a consumer report for marketing is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

43.     United Debt Services or its agent's direct mail solicitations in this case, including Exhibit A attached hereto, are not "firm offers" under the FCRA. The solicitations attached as Exhibit A clearly indicate United Debt Services does not lend money to the consumer.

44.     All Defendants' access and use of prescreened consumer lists to either resell those lists or send solicitations, such as Exhibit A, to Plaintiffs and the class are not permissible purposes under the FCRA.

45.     All Defendants knew a portion of the data requested and/or used from the prescreened consumer lists would pertain to residents of the State of Ohio.

46.     All Defendants, in furtherance of a uniform marketing scheme as described above, sent Plaintiffs the mailed solicitation attached as Exhibit A and incorporated herein, which states, "[r]evolving consumer debt and credit card payments make you a candidate for this debt relief program."

47.     As set forth above, Plaintiffs and the class are "consumers" as defined by FCRA, 15 U.S.C. § 1681a(c).

48.     All Defendants, as described above, acting in concert, in an agency relationship, and/or individually directing the actions of their business entities, sent and/or delivered thousands of mailers to Plaintiffs and the class in the same or substantially similar form as Exhibit A.

49.     All Defendants did not make reasonable efforts to verify the consumer reports would only be used in connection with permissible purposes under the FCRA. All Defendants did not

require that each person to whom the consumer report would be resold: (1) identify each end-user, (2) certify each purpose for which the consumer reports would be used, or (3) certify that the consumer reports would be used for no other purpose.

50.     All Defendants did not otherwise make reasonable efforts to verify the identifications and certifications required by the FCRA.

## CLASS ALLEGATIONS

51.     Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

52.     Plaintiffs bring this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> **Ohio citizens on the prescreened marketing lists Defendants accessed and used since 2009 to market debt relief services.**

53.     The Plaintiffs are members of this class.  Specifically excluded from the class are the following: (1) Defendants and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

54.     The members of the class are so numerous that joinder is impracticable.  Based upon information and belief, and the allegations above about Defendants' substantial direct marketing campaigns, thousands of Ohioans have been victims of Defendants' scheme.  United Debt Services and its agent(s) sent thousands of mailers identical to Exhibit A (with the exception of demographic and financial information) to Ohio citizens from at least 2009 to the present.

55.     Common (identical) questions of law and fact predominate over any questions solely affecting individual class members.   Among such common questions of law and fact are the

9

following:

A.    Whether Defendant United Debt Services has systematically engaged in the long-term illegal practice of accessing and/or misusing consumer credit reports for an impermissible marketing purpose, i.e. creation and use of Exhibit A to market to Plaintiffs and the class.

B.    Whether Defendant New Wave knowingly and/or negligently accessed the class members' consumer credit reports for improper purposes.

C.    Whether Defendant New Wave knowingly and/or negligently resold the class members' consumer reports to Defendant United Debt Services and/or an agent thereof.

D.    Whether Defendant Masada knowingly and/or negligently accessed the class members' consumer reports for an improper purpose.

E.    Whether Defendant Masada knowingly and/or negligently resold the class members' consumer report.

F.    Whether Defendants United Debt Services, New Wave and/or Masada systematically and uniformly, in concert or separately, violated the FCRA by accessing and/or misusing prescreened consumer lists to market debt relief services to Ohioans.

56.    Plaintiffs' individual claims are typical of their respective class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought.  The class claims are, in fact, identical.  The claims all involve the exact same mailers as can be ascertained by comparing the mailers contained in the attached Exhibit A. The mailers are identical other than demographic and financial information. The mailers are obtained and used identically with respect to all class members, who have in turn all suffered the same injury and seek the same relief under the Fair Credit Reporting Act.

57.    Plaintiffs will fairly and adequately protect the interests of the class members.  Plaintiffs

have no interest antagonistic to those of other class members, and Plaintiffs have retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation. The undersigned attorneys will vigorously prosecute the class claims. Indeed, the three class counsel firms retained by the multiple named plaintiffs have more than 50 years combined legal experience protecting consumer rights and prosecuting complex civil litigation, including previously certified class actions before this very Court, the United States District Court for the Southern District of Ohio.

58.     A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

A.     Given the small size of individual class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $100), few, if any, class members could afford to, or would seek, legal redress individually for the wrongs Defendants have committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions.  No such individual actions in Ohio are pending as of the date of filing this Complaint.

B.     When the liability of Defendants has been adjudicated, claims of all class members can be administered efficiently and/or determined by the Court. This conclusion follows from, among other facts, the fact that all class members assert identical claims under the FCRA and seek identical relief. Moreover, the class consists of a definite group of Ohio citizens over a finite period of time, making the efficient administration of claims post-certification and/or trial.

C.     Based on these same facts, among others, the class action will promote an

orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions.  It is therefore desirable to concentrate the claims as a class action in this forum. Otherwise, thousands of Ohioans whom Defendants mistreated under the FCRA will go without legal remedy.

D.      Without this class action, the class members will continue to suffer harm, and Defendants' unlawful conduct will be unaccounted for while they continue to reap benefits of their unlawful activity.

59.      No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action.  Indeed, those harmed by Defendants can be readily identified through business records, including the very prescreened consumer lists at issue and the mailers issued therefrom. Similarly, the proposed class is objectively ascertainable by definite time, limited geography, and specific reference to the mailers improperly used by Defendants. Notice and claims administration can therefore be managed efficiently and accurately.

60.      The respective class seeks preliminary and permanent injunctive relief on behalf of the entire class, on grounds generally applicable to the entire class, to enjoin and prevent Defendants from continuing to illegally access and use consumer credit reports of Ohio residents.  Plaintiffs also seek preliminary and permanent injunctive and equitable relief on behalf of the entire class, on grounds generally applicable to the entire class, requiring Defendants to disgorge unjustly retained fees.  Equitable relief is appropriate against all Defendants to enjoin Plaintiffs and the class from suffering further irreparable harm from Defendants' obtaining and use of Plaintiffs' and the class' consumer credit reports.  Monetary compensation and other remedies at law will

not adequately compensate Plaintiffs and the class for all Defendants' described illegal conduct. The balance of equities favors an injunction to enjoin all Defendants' described illegal conduct and the public interest (the citizens of Ohio) is significantly advanced through issuance of an injunction enjoining all Defendants' described illegal conduct.

61.     The prosecution of separate actions by or against individual members of the class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the class, which could establish incompatible standards of conduct for the party opposing the class; and/or (ii) adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

      A.  Notice can be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

      B.  The maintenance of the sub-classes may be appropriate under Fed. R. Civ. P. 23(C)(4).

**COUNT ONE**
**Violation of the Fair Credit Reporting Act "Access and Use" Claims**
**15 U.S.C.  § 1681b(a), (f) and § 1681qand § 1681n**
**(All Defendants)**

62.     Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs, including but not limited to the specific factual allegations above in paragraphs 23-51.

63.     Defendants Masada and New Wave knowingly and willfully obtained the information from the consumer reports of Plaintiffs and other class members under false pretenses and sold the consumer reports to Defendant United Debt Services or an agent thereof.

64.     All Defendants accessed and used the consumer reports of Plaintiffs and other class members in violation of 15 U.S.C. § 1681n.

65.    All Defendants are engaged in a pattern and practice of violating the FCRA through the knowing and systematic use of illegally obtained consumer credit reports.

**COUNT TWO**
**Violation of the Fair Credit Reporting Act**
**Negligent Noncompliance, 15 U.S.C.  § 1681n**
**(All Defendants)**

66.    Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

67.    All Defendants, as described above, negligently obtained and used Plaintiffs' and the class' consumer reports without a permissible purpose in violation of 15 U.S.C.  §§ 1681b and 1681o.

68.    All Defendants are engaged in a pattern and practice of violating the FCRA through the knowing and systematic use of illegally obtained consumer credit reports.

**COUNT THREE**
**Violations of Section 15 U.S.C. § 1681b and § 1681e**
**(Defendants Masada and New Wave)**

69.    Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.

70.    Masada and New Wave furnished the consumer reports of Plaintiffs and other class members to United Debt Services or its agent in violation of 15 U.S.C. §§ 1681b(a) and 1681e.

71.    Masada and New Wave failed to implement and use reasonable procedures to limit the provision of consumer reports to a § 1681b permissible purpose.

72.    Masada and New Wave knew or should have known the prospective use of reports by United Debt Services or its agent was for a 1681b impermissible purpose and thus acted in violation of § 1681e(a) and e(e).

73.    Masada and New Wave furnished the consumer reports of Plaintiffs and other class members in violation of 15 U.S.C. §§ 1681b(a) and 1681e.

14

74.     Masada and New Wave failed to implement and use reasonable procedures to limit the provision of consumer reports to a § 1681b permissible purpose.

75.     Masada and New Wave failed to identify and verify the prospective use of reports by United Debt Services or its agent in violation of § 1681e(a) and e(e).

76.     Masada and New Wave knowingly and willfully obtained and re-sold the information from the consumer reports of Plaintiffs and the other class members under false pretenses and are liable under 15 U.S.C. § 1681q.

77.     Masada and New Wave willfully violated 15 U.S.C. § 1681b(a), § 1681b(f) and § 1681e(a), e(e) and are liable for their willful violations under 15 U.S.C. § 1681n.

78.     As a result of the above averments, Defendants are each liable to the Plaintiffs and the class for the FCRA's statutory damages, punitive damages, and attorney's fees and costs, of which the exact amount will be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the class respectfully request that this Court:

a.     ISSUE a declaratory judgment that Defendants engage in acts and practices in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.;

b.     ISSUE a permanent injunction enjoining Defendants from further accessing and/or misusing credit information in violation of the FCRA;

c.     GRANT statutory damages and punitive damages as provided by the FCRA;

e.     AWARD costs and reasonable attorney's fees pursuant to the FCRA;

f.     For such other and further relief as the Court may deem just and proper.

### [SIGNATURE BLOCKS ON FOLLOWING PAGE]

Respectfully submitted,

**Luftman, Heck & Associates, LLP**

/s/ Jeremiah E.  Heck
Jeremiah E.  Heck (0076742)
580 East Rich Street
Columbus, Ohio  43215
Phone: (614) 224-1500
Fax: (614) 224-2894
jheck@lawLH.com
Attorney for Plaintiffs

**The Law Office of Brian M.  Garvine, LLC**

/s/ Brian M.  Garvine per email consent
Brian M.  Garvine (0068422)
5 East Long Street
Suite 1100
Columbus, OH 43215
Phone: (614) 223-0290
Fax: (614) 221-3201
brian@garvinelaw.com
Attorney for Plaintiffs

**Kitrick, Lewis, & Harris, Co. LPA**

/s/ Mark D. Lewis
Mark D. Lewis (0063700)
445 Hutchinson Avenue, Ste 100
Community Corporate Center
Columbus, OH 43235-8630
Phone: (614) 224-7711
Fax: (614) 225-8985
mlewis@klhlaw.com
Attorney for Plaintiffs

**Robert J. Wagoner, Co., L.L.C.**

/s/ Robert J. Wagoner
Robert J. Wagoner (0068991)
Of Counsel to Kitrick, Lewis & Harris Co., L.P.A.
445 Hutchinson Avenue, Suite 100
Columbus, Ohio 43235
Phone: (614) 796-4110
Fax (614) 796-4111
Bob@wagonerlawoffice.com
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

/s/ Jeremiah E.  Heck
Jeremiah E.  Heck (0076742)