UNITED STATES SOUTHERN DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Peter Blasi Jr., Jordan Brodsky, and Michael, J. Cassone, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO: 2:14-CV-00083-GCS-TPK |
| vs. | ) ) | JUDGE SMITH |
| United Debt Services, LLC, New Wave Lending Corp., Benjamin Rodriguez, and MTC Texas Corp. dba Masada Group, | ) ) ) ) | MAGISTRATE JUDGE KEMP |
| Defendants. | ) ) | |

### DEFENDANT'S, UNITED DEBT SERVICES, LLC, MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT [D.E. 18]

Defendant, United Debt Services, LLC ("United Debt"), through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of the United States District Court for the Southern District of Ohio, files this Motion to Dismiss Plaintiffs' Amended Class Action Complaint [D.E. 18]. The grounds for this Motion are set forth more fully in the attached Memorandum in Support.

Respectfully Submitted,

*/s/ Ashley L. Oliker*
Ashley L. Oliker, Esq. (0085628)
Frost Brown Todd LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215-3484
Tel: (614) 559-7227
Fax: (614) 464-1737
*Trial Attorney for Defendant United Debt Services, LLC*

Beth-Ann E. Krimsky
Fla. Bar No. 968412
beth-ann.krimsky@gmlaw.com
Admitted *Pro Hac Vice*
Lawren A. Zann
Fla. Bar No. 42997
lawren.zann@gmlaw.com
Admitted *Pro Hac Vice*
GREENSPOON MARDER, P.A.
100 W. Cypress Creek Rd, Suite 700
Trade Center South
Fort Lauderdale, FL 33309
Tel: (954) 527-2427
Fax: (954) 333-4077
*Attorneys for Defendant United Debt Services, LLC*

## **MEMORANDUM IN SUPPORT**

### I. INTRODUCTION AND BACKGROUND

On or about April 30, 2014, Plaintiffs Peter Blasi Jr., Jordan Brodsky, and Michael J. Cassone, purportedly on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") filed an Amended Complaint against several Defendants, including United Debt, alleging purported violations of 15 U.S.C. §1681, *et. seq.* (the "Fair Credit Reporting Act"). The gravamen of Plaintiffs' Amended Complaint seems to allege that Defendants New Wave Lending Corporation, its principal Benjamin Rodriguez, and MTC Texas Corp. dba Masada Group purportedly obtained Plaintiffs' consumer reports[1], which were then purportedly resold to United Debt in an unsubstantiated, Plaintiff-described "longstanding pattern and uniform practice of violating the [Fair Credit Reporting Act]" for the purported purpose of "direct mail solicitation to Ohio consumers in financial distress."  *See* Amended Complaint at ¶ 5, 4 [D.E. 18]. Although Plaintiffs seek to rely upon 15 U.S.C. §1681n[2] and §1681o[3] to remedy the fictitious, Plaintiffs-described actions of United Debt, Plaintiffs' Amended Complaint continues to fail to allege essential elements necessary to state a claim under either 15 U.S.C §1681n or §1681o.[4] Specifically, Plaintiffs fail to allege United Debt's willful and/or knowing violation of the Fair Credit Reporting Act and fail to allege any actual damages suffered by Plaintiffs as a

---

[1] "The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part the purpose of servicing as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; and (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. §1681a(d)(1).
[2] 15 U.S.C. §1681n provides civil liability for a person who willfully fails to comply with any requirement imposed under the FRCA with respect to a consumer.
[3] 15 U.S.C. §1681o provides civil liability for a person who <u>negligently</u> fails to comply with any requirement imposed under the FRCA with respect to a consumer.
[4] As stated in United Debt's previous Motion to Dismiss, although Plaintiffs title Count Two as a "Violation of…15 U.S.C. §1681n," they appear to seek to allege a violation of "15 U.S.C. §1681o." *See* United Debt's Motion to Dismiss [D.E. 9] at fn 10, page 10.

result of any alleged negligent compliance. The failure to allege these essential elements of each of the claims sought to be asserted against United Debt necessitates dismissal of all counts of the Amended Complaint as to United Debt.

Although Plaintiffs' Amended Complaint seeks to certify a class for three (3) purported claims under 15 U.S.C. §§ 1681b, 1681e, 1681q, 1681n, and 1681o, only two of them are as to United Debt, and Plaintiffs fail to set forth facts that would support either one, or any viable claim for relief against United Debt, fails to specify which subsection of the Fair Credit Reporting Act United Debt is alleged to have violated, and fails to set forth sufficient facts that support the maintenance of this matter as a class action. Accordingly, the Amended Complaint should be dismissed in its entirety as to United Debt.

## II. MEMORANDUM OF LAW

### A. Standard of Review

To adequately plead a claim for relief, Federal Rule of Civil Procedure Rule 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Court must accept all well-pleaded factual allegations in the complaint as true, the Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)(*quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). In assessing a motion to dismiss, the Court determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009); *see also Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 403 (6th Cir. 2012). Indeed, such factual allegations "must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555; *see also Trans Rail America, Inc. v. Hubbard Tp.*, 478 Fed. Appx. 986, 988 (6th Cir. 2012); *Hensley Mfg. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009). Plaintiffs bear the burden to articulate enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570; *Iqbal* 556 U.S. at 678; *Trans Rail America, Inc.*, 478 Fed. Appx. At 988. While Rule 8 does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitations of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

Indeed, *Iqbal* suggests that the courts adopt a two-pronged approach to apply these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Iqbal*, 556 U.S. at 678-9. Here, much of the Complaint contains mere legal conclusions couched as "allegations," which must be disregarded by the Court, and the remaining allegations do not plausibly give rise to an entitlement to relief.

### B. Plaintiffs Fail to Sufficiently State Their Claims

#### 1. Failure to Properly or Sufficiently Plead a Violation of 15 U.S.C. §1681n (Count One)

Plaintiffs fail to plead sufficient facts to plausibly give rise to an entitlement to relief from United Debt for any alleged statutory violations contained within Count One[5]. Specifically, Count One alleges in its entirety the following:

> 62. Plaintiffs repeat, re-allege and incorporate by reference all of the foregoing paragraphs, including but not limited to the specific factual allegations above in paragraphs 23-51.

---

[5] While the title of Count One of the Amended Complaint recites a litany of subchapters of 15 U.S.C. §1681, nowhere within the allegations of Count One is United Debt alleged to have violated any subchapter contained in the title of Count One with the sole exception of attempting to allege a claim related to §1681n.

> 63. Defendants Masada and New Wave <u>knowingly and willfully</u> obtained the information from the consumer reports of Plaintiffs and other class members under false pretenses and sold the consumer reports to Defendant United Debt Services or an agent thereof.
>
> 64. All Defendants accessed and used the consumer reports of Plaintiffs and other class members in violation of 15 U.S.C. §1681n.
>
> 65. All Defendants are engaged in a pattern and practice of violating the FCRA through the knowing and systematic use of illegally obtained <u>consumer credit reports</u>.

*See* Amended Complaint [D.E. 18] at ¶ 62 through 65. (Emphasis added).

However, 15 U.S.C. §1681n only creates civil liability for "[a]ny person who <u>willfully</u> fails to comply with <u>any requirement imposed under this subchapter</u> with respect to any consumer…." *See* 15 U.S.C. §1681n. (emphasis added). Thus, §1681n is a remedy for <u>willful</u> violations of other subchapters of 15 U.S.C. §1681. Plaintiffs fail to allege within Count One what subchapters of 15 U.S.C. §1681 United Debt is alleged to have violated, and certainly do not allege or even use the word willful to describe any conduct of United Debt, as compared to the other Defendants Masada and New Wave. *See* Amended Complaint ¶ 63. Plaintiffs' only attempt to allege anything against United Debt contained in Count One is Paragraph 62 in which Plaintiffs "repeat, re-allege, and incorporate…all of the foregoing paragraphs." However, a review of all "foregoing paragraphs" reveals there are <u>no</u> allegations sufficient to support Count One against United Debt. Indeed, the "foregoing paragraphs" do not reveal any allegations against United Debt stating a violation of any subchapter of 15 U.S.C. §1681. Thus, there is no willful allegation as to and United Debt is left in the proverbial dark as to which subchapter of 15 U.S.C. §1681 it is alleged to have willfully violated that would lead to civil liability under 15 U.S.C. §1681n as alleged in Count One.  Plaintiffs failure to advise which subchapter of 15 U.S.C. §1681 United Debt is alleged to have willfully violated deprives United Debt of knowing "what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

6

Accordingly, Count One of the Amended Complaint should be dismissed for failure to state a claim.

Further, although Count One generally alleges co-defendants Masada's and New Wave's conditions of mind as "knowing[] and willful[]," seemingly to try to comply with the pleading requirement of Federal Rule of Civil Procedure Rule 9 that "knowledge[] and other conditions of a person's mind may be alleged generally," *see* Fed. R. Civ. P. 9(b), neither Count One nor a review of the "foregoing paragraphs" reveal any allegation against United Debt regarding or establishing a willful violation of any subchapter of 15 U.S.C. §1681. Here, Plaintiffs fail to allege United Debt's condition of mind as required by Fed. R. Civ. P. 9(b). While Count One does allege, without specificities, "[a]ll Defendants are engaged in a pattern and practice of violating the FCRA through the knowing and systematic use of illegally obtained consumer credit reports," it cannot be overlooked that 15 U.S.C. §§1681, *et. seq.*, as cited by Plaintiffs, neither concerns itself with, defines, nor discusses "consumer credit reports."[6] Thus, the only allegation contained within the Amended Complaint that even attempts to attribute a scienter element to United Debt refers to a type of report that is not even governed by 15 U.S.C. §§1681, *et. seq.*, as cited by Plaintiffs, and, therefore, Count One's attempt at a catch-all allegation also fails to allege a willful violation of an unknown subchapter of the Fair Credit Reporting Act. Accordingly, Count One of Plaintiffs' Amended Complaint requires dismissal for failure to state a claim on this additional basis as a "[l]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *U.S. ex rel. Howard v.*

---

[6] As stated in United Debt's previous Motion to Dismiss, Plaintiffs use of "consumer credit reports" seeks "to have this Court extend the reach of the Fair Credit Reporting Act to topics that are outside the Fair Credit Reporting Act." *See* United Debt's Motion to Dismiss [D.E. 9] at page 14. Plaintiffs' failure to amend based on this point, as they had the opportunity to do so supports dismissal of Count I as to United Debt with prejudice.

*Lockheed Martin Corp.*, 499 F. Supp. 2d 972, 976 (S.D. Ohio 2007) *citing Harrison v. Westinghouse Savannah River Co.*, 176 F. 3d 776, 783 n.5 (4th Cir. 1999).

### 2. Failure to Properly or Sufficiently Plead a Violation of 15 U.S.C. §§ 1681n[7] (Count Two)

Plaintiffs fail to plead facts that state a claim as to United Debt for any statutory violations sought to be alleged in Count Two. Count Two alleges the following:

> 66. Plaintiffs repeat, re-allege, and incorporate by reference all of the foregoing paragraphs.
>
> 67. All Defendants, as described above, negligently obtained and used Plaintiffs' and the class' consumer reports without a permissible purpose in violation of 15 U.S.C. §1681b and 1681o.
>
> 68. All Defendants are engaged in a pattern and practice of violating the FCRA through the knowing and systematic use of illegally obtained <u>consumer credit reports</u>.

*See* Amended Complaint [D.E. 18], at ¶ 66 through 68. (Emphasis added).

15 U.S.C. §1681o addresses potential civil liability for "[a]ny person who is <u>negligent</u> in failing to comply with <u>any requirement imposed under this subchapter</u> with respect to any consumer…." *See* 15 U.S.C. §1681o. (Emphasis added). Thus, §1681o is a remedy for negligent violations of other subchapters of 15 U.S.C. §1681. While Plaintiffs seek to allege United Debt violated 15 U.S.C. §1681b, that code section contains multiple subsections each of which requires a different averment of factual allegations to state a claim for relief. Nowhere within the Amended Complaint, and certainly nowhere within Count Two, do Plaintiffs advise United Debt which subsection(s) of subchapter §1681b it purportedly violated. Instead, Plaintiffs assert an unsupported conclusion that lumps all of the named Defendants together and fails to advise United Debt as to which subsection it, United Debt, purportedly violated by stating "[a]ll

---

[7] As stated in United Debt's previous Motion to Dismiss, Plaintiffs title Count Two as a "Violation of…15 U.S.C. §1681n," but appear to seek to allege a violation of "15 U.S.C. §1681o." *See* United Debt's Motion to Dismiss [D.E. 9] at fn 10, page 10.

Defendants, as described above, negligently obtained and used Plaintiffs' and the class' consumer reports without a permissible purpose." Plaintiffs certainly cannot contend that such a claim advises United Debt as to the statutory subsection it allegedly violated. *See Twombly*, 550 U.S. at 555 (The Amended Complaint fails to give the defendant fair notice of what the…claim is and the grounds upon which it rests).

Further, neither Count Two of the Amended Complaint nor a review of the "foregoing paragraphs" referenced therein reveal any allegation of actual damages to any Plaintiff. Indeed, Plaintiffs' prayer for relief does not even seek actual damages. As stated, *supra*, 15 U.S.C. §1681o provides for civil liability for negligent noncompliance with the subchapters of 15 U.S.C. §1681. The liability is strictly confined to "actual damages sustained by the consumer as a result of the failure [to comply with any requirement imposed" and "costs of the action together with reasonable attorney's fees." *See* 15 U.S.C. §1681o(a)(1) and (2). Further, Defendants certainly cannot be held liable for Plaintiffs' reasonable attorney's fees and costs under §1681o when Plaintiffs do not even allege that they have been actually damaged.

Accordingly, Plaintiffs' failure to allege each element of a claim as well as sufficient facts that plausibly give rise to an entitlement to relief, and Plaintiffs failure to advise what subsection United Debt is alleged to have violated deprives United Debt of knowing "what the…claim is and the grounds upon which it rests," *Twombly, 550 U.S. at 555*, and requires dismissal.

### 3. Failure to Properly Plead Agency Relationship

To the extent Plaintiffs attempt to rely upon a purported agency relationship to impute upon United Debt any facts within the pleading directed toward New Wave Lending Corp., Benjamin Rodriguez, and/or MTC Texas Corp. dba Masada Group, Plaintiffs failure to properly

9

allege sufficient facts to plead properly an agency relationship between the parties also requires dismissal. *See* Amended Complaint [D.E. 18] at ¶48 ("All Defendants, as described above, acting in concert [and] in an agency relationship….") and 18 in which Plaintiffs seek to make any employee of any Defendants an agent of any other Defendant among other unsupported and extrapolated attempts that are far from the requisites needed to allege an agency relationship. Under Ohio law "[a]gency is the fiduciary relation which results from (1) the manifestation of consent by one person to another that other shall (2) act on his behalf and (3) subject to his control, and (4) consent by the other so to act." *Custom Rubber Corporation v. ATS Specialized, Inc.*, 633 F. Supp. 2d 495, 511 (N.D. Ohio 2009)(*citing Pavlovich v. Natl City Bank*, 435 F.3d 560 (6th Cir. 2006)). Nowhere within the Complaint, or in reality, are the elements necessary to establish an agency relationship alleged, supported, or concluded. Accordingly, Plaintiffs fail to properly plead the existence of an agency relationship and cannot impute upon United Debt any facts contained within the pleading that are directed towards the other named Co-Defendants.

### C. Plaintiffs' Request for Declaratory Relief in its Wherefore Clause is Improper, Insufficient, and Should be Stricken

Section 2201, Title 28 U.S.C. provides, in pertinent part, "[i]n a case of actual controversy within its jurisdiction,…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See* 28 U.S.C. §2201(a). As shown, *supra*, Plaintiffs fail to allege sufficient facts that plausibly give rise to an entitlement to relief against United Debt necessitating the dismissal of the Complaint. Accordingly, the Plaintiffs fail to present a justiciable issue to this Court rendering the request for declaratory relief improper. *See Ryan v. State of Tenn.*, 257 F.2d 63 (6th Cir. 1958)(complaint failed to present a factual situation to the court or state a controversy or issue between the parties

rendering the request for declaratory judgment improper); *see also Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977 (D. Md. 2002)(in seeking a declaratory judgment – just as in seeking any other remedy – a plaintiff must state a claim upon which relief can be granted); *Courtney v. Goltz*, 736 F.3d 1152 (9th Cir. 2013)(a claim under the Declaratory Judgment Act requires the plaintiffs allege facts that, if true, would violate federal law). Having failed to allege any claim for declaratory relief as to United Debt, Plaintiffs attempt to seek that remedy in Paragraph 6 of the Amended Complaint and the Wherefore Clause must also be dismissed and/or stricken as to United Debt.

### D. Plaintiffs' Request for Injunctive Relief in its Wherefore Clause is Improper, Insufficient, and Should be Stricken

15 U.S.C. §§1681n and 1681o address potential remedies for civil liability for willful noncompliance and negligent noncompliance with the Fair Credit Reporting Act, respectively, in the form of monetary damages. Neither 15 U.S.C. §§1681n nor 1681o provide injunctive relief in the event of a violation of the Fair Credit Reporting Act. Thus, to state a claim for injunctive relief, Plaintiffs must have alleged the following: (1) they have suffered irreparable injury; (2) monetary compensation or other remedies at law are inadequate to compensate for that injury; (3) a balance of equities favors a remedy in equity; and (4) the public interest is not disserved by injunction. *See eBay v. MercExchange LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (U.S. 2006); *see also U.S. v. Miami University*, 294 F. 3d 797, 816 (6th Cir. 2002)("In order to obtain…[a] permanent injunction, [a party] must demonstrate that failure to issue the injunction is likely to result in irreparable harm. [internal citation omitted]. In addition, the party seeking injunctive relief generally must show that there is no other adequate remedy at law. [internal citations omitted]. If injunctive relief is proper, it should be no broader than necessary to remedy the harm at issue."). Plaintiffs' Amended Complaint recites legal-conclusions, but blatantly fails

11

to provide any meaningful allegations or analysis to support said legal conclusions. *See* Amended Complaint at ¶ 60 [D.E. 18]. Indeed, Plaintiff's Amended Complaint is devoid of any well-pleaded facts sufficient to support the foregoing. Pursuant to *Twombly*, discussed *supra,* this Court must eliminate the allegations as they are mere legal conclusions. *See Iqbal*, 556 U.S. at 678-9. Once these legal conclusions are properly eliminated pursuant to *Twombly* it is abundantly clear that Plaintiffs' request for injunctive relief is wholly unsupported. Accordingly, Plaintiffs request for injunctive relief in Paragraph 6 of the Amended Complaint and the Wherefore Clause fails and should be dismissed and/or stricken from the pleading.

### III. CONCLUSION

Plaintiffs' attempts to plead claims against United Debt are so deficient, despite already being given an opportunity to file an amended pleading, that not a single count as to United Debt can withstand scrutiny. Plaintiffs fail to allege facts that would support a claim for relief against United Debt for a purported violation of 15 U.S.C. §§1681b, 1681n, or 1681o and thus, the Amended Complaint should be dismissed with prejudice.

WHEREFORE, Defendant United Debt Services, LLC, requests this Court dismiss Plaintiffs' Complaint with prejudice, strike the request for a declaration and an injunction, award attorney fees in favor of United Debt pursuant to the Fair Credit Reporting Act, and award any other relief in favor of the Defendant United Debt this Court deems just and proper.

Respectfully Submitted,


*/s/ Ashley L. Oliker*
Ashley L. Oliker, Esq. (0085628)
Frost Brown Todd LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215-3484
Tel: (614) 559-7227
Fax: (614) 464-1737
*Trial Attorney for Defendant United Debt Services, LLC*

Beth-Ann E. Krimsky
Fla. Bar No. 968412
beth-ann.krimsky@gmlaw.com
Admitted *Pro Hac Vice*
Lawren A. Zann
Fla. Bar No. 42997
lawren.zann@gmlaw.com
Admitted *Pro Hac Vice*
GREENSPOON MARDER, P.A.
100 W. Cypress Creek Rd, Suite 700
Trade Center South
Fort Lauderdale, FL 33309
Tel: (954) 527-2427
Fax: (954) 333-4077
*Attorneys for Defendant United Debt Services, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 19, 2014, I electronically filed the foregoing Motion to Dismiss via transmission of Notice of Electronic Filing generated by CM/ECF, and, pursuant to S.D. Ohio Civ. R. 5.2, served the foregoing upon: Jeremiah E. Heck, Esq., jheck@lawLH.com, Brian M. Garvine, Esq., brian@garvinelaw.com, Mark D. Lewis Esq., mlewis@klhlaw.com, Robert J. Wagoner, Esq., bob@wagonerlawoffice.com, counsels for Plaintiffs, and Benjamin V. Rodriguez, 1406 W. Clifton #19, Lakewood Ohio, 44107, pro se Defendant.

Date: May 19, 2014                                    Respectfully Submitted,

*/s/ Ashley L. Oliker*
Ashley L. Oliker, Esq. (0085628)
Frost Brown Todd LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, OH 43215-3484
Tel: (614) 559-7227
Fax: (614) 464-1737
*Trial Attorney for Defendant United Debt Services, LLC*

Beth-Ann E. Krimsky
Fla. Bar No. 968412
beth-ann.krimsky@gmlaw.com
Admitted *Pro Hac Vice*
Lawren A. Zann
Fla. Bar No. 42997
lawren.zann@gmlaw.com
Admitted *Pro Hac Vice*
GREENSPOON MARDER, P.A.
100 W. Cypress Creek Rd, Suite 700
Trade Center South
Fort Lauderdale, FL 33309
Tel: (954) 527-2427
Fax: (954) 333-4077
*Attorneys for Defendant United Debt Services, LLC*