```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Peter Blasi, et al.,               :

    Plaintiffs,                 :

  v.                               :      Case No. 2:14-cv-83

                                      :      JUDGE GEORGE C. SMITH
United Debt Services, LLC,                Magistrate Judge Kemp
et al.,
    Defendants.                 :

ORDER

    Defendant Name Seeker, Inc. has filed a renewed motion for leave to file under seal the exhibits referenced in footnote 9 of its response to defendant AMG Lead Source's motion to dismiss. Although the motion contains more detail than Name Seeker's previously denied motion, it again relies only on a confidentiality designation under the terms of the relevant protective order as justification for sealing these documents.

    The Court of Appeals recently addressed the standards for filing documents under seal and in doing so made explicit the obligations of both the party requesting nondisclosure and the court considering such a motion.  In <u>Shane Group, Inc. v. Blue Cross Blue Shield of Michigan</u>, – F.3d –, 2016 WL 3163073 (6th Cir. June 7, 2016), the Court concluded that the existence of a protective order was an insufficient basis for filing under seal, advising that the standards for protective orders and sealing should not be "conflated."  In reaching this conclusion, the Court explained:

> By way of background, there is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other.  Discovery concerns the parties' exchange of information that might or might not be relevant to their case.  "Secrecy is fine at the

> discovery stage, before the material enters the judicial record." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002). Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of "good cause[.]" Fed.R.Civ.P. 26(c)(1)....
>
> "At the adjudication stage, however, very different considerations apply." Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. Baxter, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983)....

Id. at *3.

Further citing to Brown & Williamson, 710 F.2d at 1179, the Court of Appeals noted that "courts have long recognized ... a presumption in favor of openness as to court records." Id. at *3. Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." Id., citing In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). This burden is "a heavy one" and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" Id., quoting In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983). That is, "[t]he parties' asserted bases for sealing" cannot be "brief, perfunctory or patently inadequate." Id., at *4. The mere reference to a designation of confidentiality is a "protective-order justification[], not [a] sealing-order one[]." Id. Additionally, "the proponents of closure bear the burden of showing that 'disclosure will work a clearly defined and serious injury[.]'" Id. at *5, quoting Cendant, 260 F.3d at 194. Specificity in delineating the injury is essential. Id. Typically, only trade secrets, information covered by a recognized privilege and information required by statute to be

maintained in confidence is enough to overcome the presumption of access. Id.

Moreover, even if a party demonstrates a compelling reason for filing under seal, "the seal itself must be narrowly tailored to serve that reason." Id., at 3, citing Press-Enter. Co. v. Superior Court of California, Riverside Cnty., 464 U.S. 501, 509-11 (1984). As a result, "the proponent of sealing" is required to "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" Id., quoting Baxter, 297 F.3d at 548.

With respect to a district court's obligation, the Court of Appeals explains that, a court choosing to seal court records "must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" Id. at *4, quoting Brown & Williamson, 710 F.2d at 1176. This obligation is independent of whether there is any objection to the motion to seal. Id. In fact, "a court's failure to set forth those reasons - as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary - is itself grounds to vacate an order to seal." Id., citing Brown & Williamson. Further, while the Court of Appeals reviews such an order for an abuse of discretion, "'[i]n light of the important rights involved, the district court's decision is not accorded' the deference that standard normally brings." Id., quoting Knoxville News-Sentinel, 723 F.2d at 476.

The Court of Appeals reiterated these concepts more recently in Beauchamp v. Federal Home Loan Mortgage Corporation, –Fed.Appx. -, 2016 WL 3671629 (6th Cir. July 11, 2016). In that case, the Court found no justification for filing under seal where the parties relied only on the language of a proposed protective order without a motion for leave to seal or an order

of the Court.

In this case, Name Seeker cites only to the confidentiality provision of the protective order in support of its motion to seal. As explained above, this is insufficient to meet its burden. Name Seeker has not provided any detailed analysis of the documents accompanied by an explanation as to why their public filing would be injurious to the party claiming confidentiality. Nor has it explained how its request is narrowly tailored to address this reason. Absent such information, the Court is without any record from which to conclude that the requirements for sealing have been met here. Granting Name Seeker's motion as filed would require the Court simply to accept the parties' designations of confidentiality at face value. The Court of Appeals clearly has instructed otherwise. For these reasons, the motion for leave to file under seal (Doc. 167) is denied.

## MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

```
                              /s/ Terence P. Kemp
                              United States Magistrate Judge
```