```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Peter Blasi, et al.,              :

        Plaintiffs,                :

     v.                            :      Case No. 2:14-cv-83

                                   :      JUDGE GEORGE C. SMITH
United Debt Services, LLC,                Magistrate Judge Kemp
et al.,
        Defendants.                :
```

OPINION AND ORDER

I. Introduction

This is a case with a number of moving parts. The original complaint alleged, on a class action basis, that four defendants - United Debt Services, New Wave Lending Corp., Benjamin Rodriguez, and MTC Texas Corp dba Masada Texas Corp. - violated the Fair Credit Reporting Act by using "prescreened consumer lists" for marketing debt relief services. While such lists may be used for permissible purposes under the Act, Plaintiffs alleged that the defendants used the list for other purposes, thus permitting United Debt Services to send direct mail solicitations to consumers in financial distress (which would also violate the FCRA).

The complaint has since been amended twice. The second amended complaint added three new parties - Name Seeker, Inc., AMG Lead Source, and Equifax, Inc. (later changed by stipulation to Equifax Information Services, LLC). See Doc. 47 and Doc. 111. Pursuant to a Rule 16 scheduling order, Plaintiffs moved on January 15, 2016 to certify a class comprised of approximately 166,000 Ohio residents whose names were on the consumer lists referred to in the complaint. While that motion was pending, New Wave Lending and Mr. Rodriguez were dropped as parties, and Name Seeker moved for leave to, and eventually did, file a crossclaim

against AMG Lead Source. That crossclaim is Doc. 146, and it is proceedings relating to the crossclaim that set much of the stage for the issuance of this Opinion and Order.

## II. Proceedings on the Crossclaim

In response to the crossclaim, AMG Lead Source filed a motion to dismiss (Doc. 157), asserting that the Court does not have personal jurisdiction over AMG because AMG lacked minimum contacts with the State of Ohio. Name Seeker opposed that motion. It also sought discovery from AMG, and the Court has held a number of conferences and issued a number of orders concerning that discovery. One of the earlier orders is Doc. 165, which reflects that the parties had agreed that AMG would serve written discovery responses by July 25, 2016, produce all responsive documents, and prepare and serve a privilege log. AMG also agreed to produce witnesses for deposition in mid-August. A month later, the order was amended, also by agreement, to provide that the AMG depositions would take place at the end of September, 2016. (Doc. 175).

That order is significant because it also contains provisions concerning AMG's production of a laptop computer. AMG had given the laptop to its counsel, and the parties agreed that it would be preserved and imaged. Name Seeker would then be allowed to access the documents contained on the laptop, subject to an appropriate clawback agreement. All of that was to happen very shortly after August 16, 2016, the date the order was entered.

It is probably an understatement to say that things did not go as planned. By way of an agreed order filed on September 30, 2016 (Doc. 182), the AMG depositions were again postponed. Also, that order extended the protections of the clawback order to a thumb drive produced by AMG, and it provided for the imaging of that storage device. The order also set out a procedure for the

forensic examination of the laptop and thumb drive.  Finally, a number of issues which had arisen concerning AMG's written discovery responses and its document production were addressed and resolved.  At that point, it seems that counsel believed that the order's provisions were adequate to allow Name Seeker to obtain the relevant information from the laptop and thumb drive and to use that information at the depositions to be taken in November, 2016.

   As it turned out, the laptop and thumb drive proved not to be useful sources of information.  Based on an examination of those devices, Name Seeker concluded that information on both devices had been deleted and that the destruction of the information which they previously contained was intentional.  It therefore requested and received permission to file a motion for sanctions based on spoliation of evidence, and AMG also agreed not to oppose, on timeliness grounds, a motion for leave to amend the crossclaim to include a cause of action for spoliation.  <u>See</u> Doc. 187.  Because of these disputes, the Court stayed other proceedings in the case.  It also scheduled a hearing on the motion for sanctions, which was duly filed on November 10, 2016 (Doc. 190).

### III.  <u>The Motion for Sanctions</u>

   Name Seeker's motion for sanctions identifies three reasons why the Court should sanction AMG: for intentional destruction of evidence, violation of discovery orders, and serving false discovery responses.  In support of its position, Name Seeker recounts the history of its efforts to obtain full discovery from AMG, noting, most significantly, the fact that after AMG produced some small number of documents which it purportedly found on the laptop, once the laptop was actually produced and examined, it contained neither copies of these emails nor any other documents relating to AMG's business activities.  AMG apparently told its

counsel that the missing contents had been transferred to a thumb drive, which led to the orders described above relating to production and copying of that storage device.

When the thumb drive was examined, it had, indeed, contained a folder entitled "Name Seeker E-mails." But that folder had been deleted. Further, after the Court entered its order directing preservation and production of the contents of the laptop, someone ran software on the laptop ("Ccleaner") which removed any otherwise-recoverable data.

Normally, such allegations would be contested by the party accused of this type of egregious misconduct. That was why the Court set the matter for an evidentiary hearing. However, before the hearing, which was set for December 20, 2016, could occur, several things happened. First, counsel for AMG, Brian Melber, moved for leave to withdraw. Second, at the request of counsel, the Court vacated the hearing. Third, AMG elected not to oppose the motion for sanctions. The Court is therefore entitled to assume that all of the factual statements made in Name Seeker's motion are true. Consistent with that assumption, it is reasonable to conclude that AMG intentionally destroyed relevant evidence both in violation of its obligations under the Federal Rules of Civil Procedure and in contravention of orders of this Court. Such destruction permits the Court to sanction AMG. The only question left to be resolved is the extent of the appropriate sanctions.

The first sanction Name Seeker requests is the denial of the motion to dismiss for lack of personal jurisdiction. Citing an earlier decision of this Court, JPMorgan Chase Bank, N.A. v. Neovi, Inc., 2007 WL 1989752 (S.D. Ohio July 9, 2007)(which adopted a Report and Recommendation from this Magistrate Judge, see JPMorgan Chase Bank, N.A. v. Neovi, Inc., 2007 WL 1514005 (S.D. Ohio May 22, 2007)), Name Seeker argues that such a

sanction is appropriate because some of the destroyed evidence may have assisted in establishing AMG's minimum contacts with Ohio.  For the same reasons set forth in the <u>Neovi</u> case, this Court agrees.  In <u>Neovi</u>, the Court said that "Neovi has deliberately and stubbornly refused to produce the most basic information about its Ohio contacts and has likely destroyed much of that information after it put those contacts directly at issue. It is hard to conceive of a set of circumstances where harsh sanctions are more appropriate."  <u>See Neovi</u>, 2007 WL 1514005, at *5.  Consequently, as a discovery sanction, the Court will strike the motion to dismiss.

Next, Name Seeker asks for a default judgment on its crossclaim.  Recognizing that a default judgment is the most severe discovery sanction available, it nonetheless argues that lesser sanctions are not appropriate here because of the egregious nature of the conduct and the evident prejudice to Name Seeker which lesser sanctions cannot cure.  Again, there would seem to be little contrary argument to be made.  The only real issue is the extent to which Name Seeker has been prejudiced. There is now a discovery order in place (Doc. 212) which provides for additional discovery from AMG to be conducted, including additional forensic examination of electronic storage devices and the depositions of the AMG representatives.  It strikes the Court as more appropriate to await the outcome of this discovery to see if, in fact, some of all of the prejudice from AMG's willful conduct can be cured.  Consequently, the Court declines to enter a default judgment on the crossclaim at this time, but may do so later depending on the results of the upcoming discovery.  It may also be helpful to note that, as an unrepresented corporate entity, AMG will not be able to proceed further in this case, and will be subject to a default judgment if it does not retain new counsel.

Finally, Name Seeker has asked for monetary sanctions including reasonable attorneys' fees expended in its pursuit of discovery from AMG. That is an entirely appropriate remedy. Name Seeker will be directed to submit an itemization of its costs and fees within fourteen days. If those costs and fees are reasonable and if, as seems likely, AMG does not oppose the submission, the Court will enter a fee award in Name Seeker's favor.

## IV. Other Pending Matters

The Court turns next to Mr. Melber's motion to withdraw as AMG's counsel. In the motion (Doc. 199), Mr. Melber represents that AMG has not met its financial obligations to counsel and has decided not to defend this action any further. Those reasons are sufficient to permit withdrawal, and no party argues otherwise. Also, AMG was served with the order and given a chance to respond, but it has not done so.

Other parties, however, have filed responsive memoranda suggesting that conditions be attached to counsel's withdrawal. Name Seeker's response (Doc. 205) asks the Court to direct counsel to respond to discovery prior to withdrawing, based on Mr. Melber's representation that he would do so, and also to produce other electronic devices. Name Seeker also points out that the extent to which AMG's counsel may have been involved in the spoliation of evidence is not clear, and that the issue of monetary sanctions for that conduct should be resolved as well before counsel withdraws. Equifax, in its response (Doc. 208), adds that counsel should also remain in the case until a firm commitment is made by AMG to appear for depositions.

It appears to the Court that, once the agreements made in the latest discovery order (Doc. 212) are satisfied, any objections to the withdrawal of Mr. Melber and his firm will be moot. The Court will therefore grant the motion but its order

will not be effective until AMG carries out its obligations under that order.  Should all of the other conditions be satisfied, and should AMG's witnesses then appear as agreed for deposition, counsel will not be obligated to defend those depositions.

This order will not affect Name Seeker's ability to pursue sanctions against AMG's counsel should it believe that course of action to be warranted.  Whether or not counsel continues to represent AMG, an attorney may not, simply by withdrawing from the case, escape liability for sanctionable conduct which may have occurred while the attorney was counsel of record.  Should Name Seeker wish to pursue the issue of sanctions against AMG's counsel, it should make that clear in its submission as to fees and costs and serve a copy of that submission on counsel.  AMG's counsel will, of course, be entitled to contest any effort to have sanctions imposed against them.

That leaves only the issue of other proceedings, including discovery by other parties and briefing on the class action motion.  Counsel in this case have shown an admirable ability to reach agreement on procedural matters.  Consequently, the Court directs them to confer after receipt of this order and to propose a new case schedule.  Any prior stay entered by the Court is vacated.  If counsel cannot agree on a schedule, they shall contact the Court to arrange a conference on that issue.

## V. Order

Based on the foregoing the Court orders:

1. Name Seeker's motion for sanctions (Doc. 190) is granted in part.  As a discovery sanction, AMG Lead Source's motion to dismiss (Doc. 157) is stricken.  Within fourteen days, Name Seeker shall file an itemization of its attorneys' fees and costs reasonably incurred in seeking discovery and sanctions from AMG.  It shall specify whether it is also seeking to recover fees and costs from AMG's counsel.  Any response to this itemization shall

be filed within 21 days of its filing, and Name Seeker may reply within fourteen days thereafter. The request for default judgment as a discovery sanction is denied without prejudice.

    2. The motion for leave to withdraw as counsel (Doc. 199) is granted on the conditions set forth in this Opinion and Order.

    3. Any prior stay of proceedings is vacated. The parties shall either submit an agreed case scheduling order within fourteen days or request a conference with the Court.

## VI. Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge