```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Peter Blasi, et al.,              :

    Plaintiffs,               :

  v.                              :          Case No. 2:14-cv-83

                                                  :          JUDGE GEORGE C. SMITH
United Debt Services, LLC,                  Magistrate Judge Kemp
et al.,
    Defendants.               :

## ORDER

As the Court explained in an Opinion and Order filed on February 21, 2017 (Doc. 213) this Fair Credit Reporting Act case involves a crossclaim filed against AMG Lead Source, one of the defendants, by Name Seeker, Inc., another defendant. In that order, the Court detailed Name Seeker's efforts to obtain discovery from AMG, including the apparent spoliation of evidence by AMG after it received discovery requests pertaining to that evidence. The Court had set the matter for a hearing on a motion for sanctions, but that hearing was canceled when AMG indicated that it no longer would defend the case or oppose the motion for sanctions. The Court concluded, under those circumstances, that it was "reasonable to conclude that AMG intentionally destroyed relevant evidence both in violation of its obligations under the Federal Rules of Civil Procedure and in contravention of orders of this Court." Doc. 213, at 4.

The next question addressed by the Court was what sanctions were appropriate. The Court, at Name Seeker's request, struck a motion to dismiss for lack of personal jurisdiction which AMG had filed. It also considered whether to impose the sanction of a default judgment on the crossclaim, but because there was a discovery order in place which, if followed, might supply Name Seeker with some of the information which AMG had withheld or

destroyed, the Court deferred a ruling on that particular sanction. It noted, however, that if the discovery did not cure the prejudice to Name Seeker which AMG's misconduct had caused, it would consider entering default judgment. Id. at 5. Finally, the Court determined that Name Seeker was entitled to an award of attorneys' fees, and directed it to submit an itemization of its costs and fees.

Since the date of that order, a number of additional developments have occurred. First, on March 10, 2017, Name Seeker filed its motion for fees, asking the Court to award it fees and costs in the amount of $156,366.22. It seeks that award against both AMG and its counsel, Brian Melber. The motion asserts that the rates charged by the various attorneys and others who worked on the case - which include a blended rate of $460.00 per hour for attorneys from the Manatt, Phelps & Phillips firm, $305.00 per hour for a senior paralegal, $285.00 per hour for a senior litigation support staff member, and $350.00 per hour for local counsel from McGlinchey Stafford PLLC - are reasonable. It also is supported by declarations from attorneys A. Paul Heeringa and Richik Sarkar, both of which support the assertion that the amount of fees and costs incurred in seeking discovery from AMG was reasonable and necessary, and a declaration from John R. Clingerman, who works in the field of computer forensics, and who also performed services in this case.

The only opposition to that motion was filed by Mr. Melber. He submitted a declaration explaining why he believes that any sanctions should be imposed only against AMG and not against him. Name Seeker filed a reply memorandum which addresses Mr. Melber's declaration.

The other development, communicated by counsel during the course of a telephone conference with the Court, is actually a non-development: the discovery which AMG had agreed to provide in

the order referred to in the Court's February 21, 2017 order (see Doc. 212), has not been provided.  AMG did not respond to written discovery, did not turn over any additional electronic devices, and AMG did not appear for deposition.  Consequently, there is no evidence in the record which would support a determination that, as to its crossclaim, Name Seeker has not been severely prejudiced by AMG's failure to provide discovery and its destruction of evidence.  Additionally, after the Court permitted Mr. Melber to withdraw as counsel for AMG, it has not retained other counsel, and is now unrepresented.  The Court will now address the two open issues: are additional sanctions warranted against AMG, and should Mr. Melber be held liable for any monetary sanctions levied against his former client?

I. Additional Sanctions

Granting a default judgment against AMG is appropriate for two different reasons.  The first does not require the Court to consider AMG's disregard of its discovery obligations and the Court's discovery orders.  That is because "[t]he failure of a corporation to have counsel appear and represent it is not only the basis for an entry of a default under Rule 55(a), but where the Court accords the Defendant notice and opportunity to be heard on a motion for a default judgment under Rule 55(b), also supports the entry of a judgment by default under Rule 55(b)." Hutton Constr., Inc. v. Northeast Florida Contractors, Inc., 2008 WL 2645547, *9 (E.D. Tenn. June 30, 2008).  The absence of counsel also justifies imposition of a default judgment as a discovery sanction if the corporate party previously failed to comply with discovery orders, since the corporate party, once it is no longer represented by counsel, cannot actively litigate the case.  See, e.g., Barette Outdoor Living, Inc. v. Michigan Resin Representatives, LLC, 2013 WL 1799858 (E.D. Mich. April 5, 2013).  Since both those situations are present in this case, it is now

appropriate to award Name Seeker a default judgment on its crossclaim.

The current version of that crossclaim (Doc. 196) alleges claims for contractual indemnity, breach of contract, fraud, civil conspiracy to commit fraud, deceptive trade practices, and spoliation of evidence. It seeks both declaratory relief on the claims for indemnification and monetary damages, attorneys' fees, and costs. To the extent that Name Seeker asks for non-monetary relief, that will be part of the default judgment. Any other relief, particularly damages, will have to await further proceedings in the case.

The Court will also grant additional sanctions in the form of an award of attorneys' fees and costs. AMG has not, of course, contested the amounts requested. The Court has not conducted a searching review of the fee request given the absence of any adversary briefing, but it has reviewed it sufficiently thoroughly to satisfy itself that, at least as a *prima facie* matter, the time expenditures all appear related to AMG's misconduct and they fall within a reasonable range. Consequently, the Court will award the full amount of fees and costs as an additional discovery sanction.

## II. Mr. Melber

The Court begins its discussion of this issue by summarizing the facts contained in Mr. Melber's declaration.

As Mr. Melber understands Name Seeker's argument, it accuses him of failing to prevent the deletion of files from the AMG laptop in question and of making false representations to the Court about the state of the evidence. He responds as follows.

First, he notes that, according to Name Seeker, the materials in question were deleted from the laptop the day before he obtained possession of it. He also states that he personally told the possessor of the laptop not to tamper with it in any way

and advised that person of the consequences which flow from spoliation of evidence. To the extent that an agreed order relating to the laptop suggests otherwise, Mr. Melber says that was an error. He otherwise denies generally making any unequivocal representations to Name Seeker's counsel that subsequently turned out to be false, and asserts that whatever factual information he passed on was given to him by others and did not come from his personal knowledge.

In its reply, Name Seeker argues that Mr. Melber's declaration is too vague to support his assertion that he took reasonable steps to preserve the laptop evidence. It cites authority for the proposition that counsel are under a continuing duty to make efforts to preserve evidence and that Mr. Melber has not recited any facts showing that he discharged this duty. Next, citing to this Court's holding in <u>Brown v. Tellermate Holdings Ltd.</u>, 2013 WL 1363738 (S.D. Ohio April 3, 2013), Name Seeker contends that Mr. Melber was not entitled simply to rely on information conveyed to him by his client, but had an independent duty to verify that information before making representations to opposing counsel and to the Court. Third, it discounts Mr. Melber's claim that the language in certain orders to the effect that he was in possession of the laptop before August 18, 2016 was in error, noting that Mr. Melber had several chances during the drafting stage to correct this supposed error but failed to do so. Name Seeker makes a number of additional arguments as well, including the fact that not only a laptop but a thumb drive were altered, and that Mr. Melber fails to explain how the relevant files on that drive came to be deleted.

It goes without saying that in order for a court to sanction an attorney for his or her client's abuse of the discovery process or disregard of court orders relating to discovery, "[t]he record [must] fully support[] that determination." <u>Thomas</u>

E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 527 (2d Cir. 1990). And, although there is surprisingly little case law directly addressing this point, it seems obvious that the party requesting sanctions has at least an initial burden of proof with respect not only to whether sanctionable conduct has occurred, but also with respect to whether the misbehaving party's attorney may have been involved in it. In many cases, the two go hand in hand, or it is apparent that the client failed properly to respond to discovery only because of incorrect advice given by counsel, in which case it is entirely appropriate to impose sanctions on the offending attorney.

This case, on its face, presents a different issue. The primary discovery failures here include the destruction of electronic files, both from a laptop computer and a thumb drive, and a subsequent refusal to participate in the discovery process at all. Certainly, the latter decision cannot be attributed to Mr. Melber, who appears to have been more than reasonable in stipulating to orders which required his client to produce information and appear for depositions, only to have the client back out of those arrangements. The more significant question is whether Mr. Melber had any personal involvement in deleting the electronic files or in failing to take reasonable steps to prevent his client from doing so.

On this key issue, Mr. Melber has sworn that his client did all of these things both without his knowledge and contrary to the advice he gave. If his declaration on these matters is credited, it would appear that, short of physically wresting the devices from his client's grasp, he had no ability to prevent the file deletions. Name Seeker points to the discrepancy between the text of orders to which Mr. Melber stipulated and his assertion that he did not have the laptop until after the deletion had taken place as evidence of his culpability, but that

is too thin a thread on which to hang the significant sanctions being sought here.  In the Tellermate case which Name Seeker cites, before determining that counsel should be sanctioned, the Court held a three-day evidentiary hearing in order to make a full record of whether sanctionable conduct occurred and, if so, who was responsible.  A hearing was scheduled in this case on the motion for sanctions, but Name Seeker elected not to go forward, even though it was aware at that time that it would be asking that Mr. Melber be sanctioned along with his client.  It had other ways of gathering evidence on this issue, but there is no indication that it pursued them.  Perhaps at some point there will be evidence from which it can be inferred that Mr. Melber was complicit with AMG in the destruction of these files, but that evidence is not currently before the Court, or is not of sufficient probative value to allow the Court to make that decision.  Under these circumstances, the Court declines to extend the monetary sanctions to Mr. Melber.

The Court also notes that Name Seeker has asked it to impose monetary sanctions not only against AMG but also against its principals.  They are not parties to this case.  Any award of sanctions against them, on any type of vicarious liability theory, would be improper when they have not been joined as parties, put on notice of the possibility of personal responsibility for monetary sanctions, or had the chance to defend themselves.  Again, given the current procedural posture of the case, the Court concludes that such an award would not be appropriate, and it declines Name Seeker's invitation to do so.

III.  Order

For the foregoing reasons, Name Seeker's motion for attorneys' fees and costs (Doc. 222) is granted in part.  Fees and costs in the amount of $156,366.22 are awarded against defendant AMG Lead Source.  Further, as an additional sanction

based on the prior motion for sanctions (Doc. 190), default judgment is awarded against that defendant for all claims in Name Seeker's crossclaim. Any additional relief requested in the motion for sanctions and the motion for attorneys' fees and costs is denied.

## IV. Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge