UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PETER BLASI, *et al.*,

      Plaintiffs,

   v.                                     Case No.: 2:14-cv-083
                                               JUDGE SMITH
                                               Magistrate Judge Kemp

UNITED DEBT SERVICES, LLC, *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant-Crossclaimant Name Seeker, Inc.'s Motion for Partial Reconsideration (Doc. 237) of the Magistrate Judge's May 23, 2017 Order (the "Order") (Doc. 236) partially granting Name Seeker's Motion for Fees and Costs (Doc. 222). The Motion for Partial Reconsideration is now ripe for review. For the reasons that follow, Name Seeker's Motion is **DENIED**.

          **I.**    **BACKGROUND**

This Fair Credit Reporting Act case involves a crossclaim filed against AMG Lead Source ("AMG") by Name Seeker, Inc. In previous orders, the Magistrate Judge "detailed Name Seeker's efforts to obtain discovery from AMG, including the apparent spoliation of evidence by AMG after it received discovery requests pertaining to that evidence." (Doc. 236, Order at 2). Rather than defend against Name Seeker's spoliation claims, "AMG indicated that it no longer would defend the case or oppose the motion for sanctions." (*Id.*). In an earlier Order, the Magistrate Judge concluded that it was "reasonable to conclude that AMG intentionally

destroyed relevant evidence both in violation of its obligations under the Federal Rules of Civil Procedure and in contravention of orders of this Court." (Doc. 213, Feb. 21, 2017 Order at 4).

The Magistrate Judge accepted the factual statements in Plaintiff's Motion for Sanctions as true, including that AMG's principals Don Marasco and Sam DeJohn are the only two employees of AMG and that the spoliation of evidence was performed by either Don Marasco or somebody who knew his computer credentials and logged into the computer in his name. (Doc. 213, Feb 21, 2017 Order at 4; *see also* Doc. 190-19, Clingerman Aff. at ¶¶ 21–22 (detailing efforts taken by the "Don Marasco" user account to delete computer files)). The Magistrate Judge granted Name Seeker's Motion for Sanctions against AMG and ordered Name Seeker to provide an itemization of its attorneys' fees and costs in seeking discovery from AMG. (Doc. 213, Feb 21, 2017 Order at 7). Name Seeker then filed the Motion for Attorney Fees on March 10, 2017, asking for fees for its attorneys, its computer expert, and for the costs associated with the discovery issues in the total amount of $156,366.22. (Doc. 222, Mot. for Attorneys' Fees at 13). Name Seeker also sought to hold Marasco and DeJohn as well as AMG's attorney, Brian Melber, jointly and severally liable for the fee award. (*Id.*).

On March 31, when responses to Name Seeker's Motion for Attorneys' Fees were due, the parties filed a joint request for an extension of time, noting that "[t]he Parties have conferred in an attempt to reach an extrajudicial resolution . . . regarding the relief sought in Name Seeker's Application . . . ." (Doc. 227, Agreed Motion to Extend Briefing Schedule at ¶ 4). Despite asking for additional time, neither AMG nor its principals filed an opposition to Name Seeker's Motion. Melber did file an opposition, explaining why he did not believe he was at fault for the spoliation of evidence. (Doc. 229, Melber Mem. Opp. at ¶¶ 8–10). Melber explained that he did not have the laptop at the time the files were deleted but that he "had

2

repeatedly directed the individual in possession of the laptop to preserve the contents of the laptop by not using or powering on the laptop, and that direction included advice concerning the issue of spoliation, the potential consequences of spoliation, and the capabilities of forensic recovery of deleted and slack data from such devices." (*Id.*).

On May 23, 2017, the Magistrate Judge granted Name Seeker's request for fees and costs against AMG but denied Name Seeker's request that the principals of AMG and AMG's attorney be held jointly and severally liable for the awarded sanctions. Name Seeker now moves for reconsideration of the portion of the Order which declined to hold AMG's principals jointly and severally liable for the awarded fees and costs.

## II. STANDARD OF REVIEW

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a party files objections to a Magistrate Judge's order concerning a non-dispositive matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.), aff'd., 19 F.3d 1432 (6th Cir. 1994). A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (Holschuh, J.). If on review, the court determines that the evidence does not support the factual determination, or that the magistrate judge's construction of the evidence is not reasonable, the finding is clearly erroneous. *Geiger Bros. Mech. Contractors v. Lockheed Martin Util. Servs., Inc.*, No. C-2-98-109, 2000 WL

1456916, *1–2 (S.D. Ohio 2000) (Kinneary, J.) (citing *Heights Comm. Cong. v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985)). Review under the "contrary to law" standard is plenary, and thus, the Court 'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee*, 785 F. Supp. at 686 (citations and internal quotations omitted).

### III. DISCUSSION

Name Seeker seeks reconsideration of the portion of the Order which held that an award of fees against Marasco and DeJohn was inappropriate. The Order stated that Marasco and DeJohn "are not parties to this case. Any award of sanctions against them, on any type of vicarious liability theory, would be improper when they have not been joined as parties, put on notice of the possibility of personal responsibility for monetary sanctions, or had the chance to defend themselves." (Doc. 236, Order at 7). Name Seeker argues that federal law is well-established that a court has "authority to impose sanctions against parties *and non-parties* alike for abusing the litigation process." (Doc. 237, Mot. for Recon. at 1 (emphasis in original)). Name Seeker also argued that by not responding to the Motion for Attorneys' Fees, Marasco and DeJohn waived any opposition to the Motion. Additionally, in response to the Magistrate Judge's Order, Name Seeker provided new evidence in the form of a declaration from Name Seeker's counsel in which he declared he "explicitly informed AMG's counsel (Brian Melber) that Name Seeker intended to ask the Court to hold Messrs. Marasco and DeJohn personally responsible for the award." (Doc. 237, Mot. for Recon. at 7 (citing Doc. 237-5, Heeringa Decl., at ¶¶ 3–6; Doc. 237-6, Heeringa Email to Melber)).

4

### A. Sanctions Against Non-Parties

As an initial matter, the Court notes that Rule 71 of the Federal Rules of Civil Procedure explicitly provides that certain, unenumerated orders may be enforced against non-parties: "When an order . . . may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." However, "Federal Rule of Civil Procedure 71, the only rule referring to orders against nonparties, 'does not undertake to say when an order can be made . . . against a person not a party.'" *Int'l Millennium Consultants, Inc. v. Taycom Bus. Sols.*, 463 F. App'x 506, 511 (6th Cir. 2012) (quoting 12 Charles Alan Wright *et al.*, Fed. Prac. & Pro. Civ. § 3031 (2d ed.).

As Name Seeker suggests, the Sixth Circuit has held that nonparties can be assessed judicial sanctions in contempt proceedings. *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 383 (6th Cir. 2003) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947) (" . . . we hold that because a civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses, it is fully appropriate to impose judicial sanctions on the nonparty corporate officer.")). The Sixth Circuit has also held that a district court can sanction a non-party for acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Trust v. Sabino*, No. 94-4214, 230 F.3d 1357, 2000 WL 1478372, at *1 (6th Cir. Sept. 28, 2000). In *American Trust*, the Sixth Circuit upheld an award of sanctions against a nonparty where he had "unreasonably and vexatiously multiplied the proceedings in this case." *Id.* at *2. The Court held, "Sabino's status as a non-party does not insulate him from sanctions for abuse of the litigation process." *Id.* at *1.

Name Seeker also points the Court to *Helmac Prods. Corp. v. Roth (Plastics) Corp.*, a non-binding case in which the District Court for the Eastern District of Michigan awarded

sanctions against a non-party corporate officer. 150 F.R.D. 563 (E.D. Mich. 1993). The court decided that a two-part test was appropriate to determine if sanctions were appropriate against the non-party officer. *Id.* at 568. "To be subject to the Court's inherent power to sanction, a non-party not subject to court order must (1) have a substantial interest in the outcome of the litigation and (2) substantially participate in the proceedings in which he interfered." *Id.*

With those cases in mind, the Court notes that contempt proceedings are inherently different than the present posture of this case. Contempt proceedings are brought against the person for the person's non-compliance with a court order. In this case, although there is credible evidence that DeJohn and/or Marasco intentionally deleted pertinent computer files in violation of a court order, Name Seeker did not bring spoliation proceedings against Marasco and DeJohn, but solely against AMG. In contempt proceedings, a non-party is put on notice of the proceedings against him, either by the judge in a case or by an opposing party via motion. *See Elec. Workers Pension Trust*, 340 F.3d 376–77 (considering contempt proceedings when plaintiff "brought contempt proceedings in the district court"). Once the Court has decided that contempt is appropriate, then a sanction follows. The procedural posture against DeJohn and Marasco is missing the first step of contempt proceedings—*i.e.*, Marasco and DeJohn have not been served with a motion to hold them liable for the spoliation or for disobeying the Court's order to not destroy relevant evidence.

In this case, Name Seeker moved for sanctions against AMG and AMG only. (*See* Doc. 190, Mot. for Sanctions). The Magistrate Judge then granted sanctions in the form of monetary sanctions including reasonable attorneys' fees. (Doc. 213, Feb. 21, 2017 Order at 6). This distinction also explains why *Helmac* is unavailing to the discussion of this case. In *Helmac*, the court decided it had the power to sanction a non-party officer when the plaintiff moved for

sanctions against the non-party officer. Name Seeker never moved for sanctions against Marasco or DeJohn. Rather, now that the Court has determined that AMG is to be sanctioned and awarded sanctions against AMG, Name Seeker attempts to attach liability for those sanctions on to AMG's corporate officers.

Even if the procedural posture were correct, the new evidence presented by Name Seeker does not fully remedy the concerns expressed by the Magistrate Judge. While counsel for Name Seeker may have contacted Melber and informed him of the intent to charge Marasco and DeJohn personally, there is no evidence that Name Seeker formally served the motion on DeJohn or Marasco. Additionally, Name Seeker's Motion for Attorneys' Fees is titled "Name Seeker, Inc.'s Application for Attorneys' Fees and Costs as Discovery Sanctions Against AMG Lead Source and its Counsel." The caption of the motion does not mention that the Motion is against Marasco or DeJohn and the certificate of service does not mention that the Motion was served on Marasco or DeJohn. While it is tempting to assume that Melber's knowledge of Name Seeker's intent was communicated to Marasco and DeJohn, there is simply no evidence that was the case and the Court is unconvinced such knowledge would be sufficient regardless. Although the spoliation by AMG is reprehensible, the Court agrees with the Magistrate Judge that there is insufficient legal and factual support at this time for imposing liability against Marasco and DeJohn for the sanctions leveled against AMG.

**B.     Waiver**

As to Name Seeker's final argument—that Marasco and DeJohn waived any opposition to the relief—such a waiver is irrelevant to the Magistrate Judge's legal or factual findings. As Name Seeker served neither Marasco nor DeJohn, the Court finds that they did not waive their right to defend a motion in a case in which they are not parties. Further, even if Marasco and

DeJohn waived their opportunity to defend against Name Seeker's Motion for Attorneys' fees, their alleged waiver does not conclusively establish that the Court must—or even has the authority—to award liability for the requested sanction against them. Both of the cases cited by Plaintiff concern cases on appeal where a party failed to respond to a motion in the district court then attempted to argue against the motion's issuance on appeal. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Appellant provides no explanation to this court why he did not oppose the motions before the district court . . . ."); *see also Fed. Deposit Ins. Corp. v. Binion*, 953 F.2d 1013, 1018 (6th Cir. 1991) ("Defendant failed to respond to plaintiff's motion for attorney's fees before the district court and raises objections for the first time on appeal."). Neither is applicable to this case. A party's failure to respond to a motion is not a substitution for a court's review of the legal and factual grounds for the motion. The Southern District of Ohio local rules even specifically address these situations, "[f]ailure to file a memorandum in opposition may result in the granting of any motion that would not result directly in . . . an award of attorneys' fees." S.D. Ohio Civ. R. 7.2(a)(2). Accordingly, Marasco and DeJohn's failure to respond does not affect the Court's legal analysis in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Name Seeker's Motion for Partial Reconsideration of the May 23, 2017 Order. The Clerk shall **REMOVE** Document 237 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                                     **/s/ George C. Smith**
                                                     **GEORGE C. SMITH, JUDGE**
                                                     **UNITED STATES DISTRICT COURT**